UDA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. REIS** | : | |
| | : | |
| **v.** | : | **C.A. No.:** |
| | : | |
| **NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION** | : | **CA** 07 236 |

**ANSWER OF DEFENDANT**
**NATIONAL RAILROAD PASSENGER CORPORATION**

**PARTIES AND JURISDICTION**

1. Defendant, National Railroad Passenger Corporation (hereinafter "Amtrak") is without sufficient information to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint and leaves the plaintiff to her proof thereof.

2. Admitted.

**FACTUAL ALLEGATIONS**

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3 of plaintiff's complaint and leaves the plaintiff to her proof thereof.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

COUNT I
RESPONDEAT SUPERIOR

13. Defendant repeats its responses contained in paragraphs 1-12 as if set forth in full herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

WHEREFORE, Defendant demands judgment on the Complaint together with costs and interest thereon.

COUNT II
INTENTIONAL TORT

18. Defendant repeats its responses contained in paragraphs 1-17 as if set forth in full herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, Defendant demands judgment on the Complaint together with costs and interest thereon.

COUNT III
NEGLIGENCE

26. Defendant repeats its responses contained in paragraphs 1-25 as if set forth in full herein.

27. Denied.

28. Denied.

WHEREFORE, Defendant demands judgment on the Complaint together with costs and interest thereon.

COUNT IV
BREACH OF CONTRACT

29. Defendant repeats its responses contained in paragraphs 1-28 as if set forth in full herein.

30. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 of plaintiff's complaint and leaves the plaintiff to her proof thereof.

31. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31 of plaintiff's complaint and leaves the plaintiff to her proof thereof.

32. Denied.

33. Denied.

WHEREFORE, Defendant demands judgment on the Complaint together with costs and interest thereon.

## AFFIRMATIVE DEFENSES

1. Plaintiff assumed the risk of injury and, therefore, her recovery must be denied.

2. Plaintiff was comparatively and/or contributorily negligent and, therefore, her recovery must be denied or reduced accordingly.

3. Plaintiff was a trespasser to whom this defendant owed no duty.

4. Plaintiff failed to mitigate her damages and, therefore, her recovery must be denied or reduced accordingly.

5. Plaintiff's damages, if any, are reasonably capable of being apportioned amongst the acts or omissions of this defendant and other causes and/or pre-existing conditions pursuant to section 433A of the Restatement (Second) of Torts and the doctrine developed by the Rhode Island Supreme Court in Wilson v. Krasnoff, 560 A.2d 335 (R.I. 1989). Plaintiff can have no recovery for damages attributable to other causes or pre-existing conditions.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Plaintiff's damages, if any, were caused by third parties over whom this Defendant did not exercise control.

8. Plaintiff's claim for breach of contract fails to state a claim upon which relief can be granted.

9. Plaintiff's claim for punitive damages based on *respondeat superior* fails to state a claim upon which relief can be granted pursuant to the law of Rhode Island.

10. The method, manner and instructions relating to punitive damages violate this defendant's rights under the Due Process Clause of the United States Constitution enforceable against the states pursuant to the Fourteenth Amendment because the standard by which punitive damages are awarded is unconstitutionally vague and the instructions given offer inadequate safeguards that the award will bear a reasonable and rational relationship to the compensatory award, if any.

11. Rhode Island procedures for awarding punitive damages are unconstitutional in that they violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause, Article 1, Section 2, of the Rhode Island Constitution.

12. Defendant, its agents, servants, and employees at all times acted without the intent to cause the harm complained of.

13. Defendant, its agents, servants, and employees at all times acted reasonably and with justification.

14. If the Plaintiff proves her claims that the Defendant's employees intentionally and egregiously caused the complained of injuries without justification, which is denied by the Defendant, then Defendant affirmatively pleads that its employees acted outside the scope of their employment and were otherwise engaged in a frolic and detour.

DEFENDANT HEREIN CLAIMS A TRIAL BY JURY ON ALL CLAIMS AND COUNTS SO TRIABLE.

DEFENDANT,

NATIONAL RAILROAD PASSENGER CORPORATION,

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2007, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the below named counsel.

TO: Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Andrew J. Murray.