**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. REIS** | : | |
| | : | |
| **v.** | : | **C.A. No.: 07-236S** |
| | : | |
| **NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION** | : | |

________________________________________X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATIONAL PASSENGER RAILROAD CORPORATION'S CONSENTED TO MOTION FOR CONTINUANCE OF TRIAL DATE**

Defendant, NATIONAL PASSENGER RAILROAD CORPORATION ("Amtrak"), moves, with the consent of plaintiff, for continuance of all deadlines in this matter. Defendant respectfully requests that this Court issue an Order moving all deadlines, including the trial date currently scheduled for February of 2008, back ninety (90) days because it has insufficient time within which to complete discovery, to disclose experts and to provide expert reports in compliance with Fed. R. Civ. P. 26(a)(2)(C).

**I. Standard for Motion for a Continuance of Trial**

United States District Court for the District of Rhode Island, Local Rule Cv 39.2 provides that:

> [a] request to continue a trial or hearing will be granted only for good cause shown. Any request for a continuance shall be made as soon as counsel learns, or in the exercise of due diligence should have learned, of the reason for the request and, except in emergencies, far enough in

> advance to permit the Court to reschedule the matter without creating any hardship on other parties or interfering with the efficient conduct of the Court's business.

Local Rule Cv 39.2 45(c)(1). For the reasons set forth below, defendant has good cause for the continuance. This request is being made as soon as defense counsel learned that the expert and discovery deadlines would be impossible to meet. Such request is far enough in advance so that the Court can reschedule the matter without causing hardship to plaintiff, who has consented to the continuance, or interfering with the efficient conduct of the court's business.

## II. <u>Background</u>

On or about June 23, 2004, plaintiff Elizabeth Reis ("plaintiff") boarded an Amtrak "Acela" train, having purchased a ticket to travel from Providence, Rhode Island to New York, New York. After boarding the train, plaintiff fell while walking through one of the train's vestibules, allegedly injuring her foot, shoulder, neck and knees. An Amtrak Police Officer assisted plaintiff in disembarking the train and stood with her beside the track, supporting her while she lifted her foot off of the ground. After waiting approximately ten minutes, a rescue vehicle arrived and transported Plaintiff to Rhode Island Hospital where doctors diagnosed her with multiple bone fractures in her foot.

## III. <u>Procedural History</u>

The plaintiff filed her Complaint in the Superior Court of the State of Rhode Island, Providence County against defendant on or about June 7, 2007. Defendant filed a Notice of Removal on or about June 27, 2007, and the case was removed to the U.S. District Court for the District of Rhode Island. On August 1, 2007, a pre-trial conference

was held pursuant to Rule 16 of the Federal Rules of Civil Procedure. At that time, because the case appeared to involve a simple foot fracture, the Court ordered that the parties not participate in formal discovery and attempt to negotiate a settlement. A settlement conference before Magistrate Judge Almond was scheduled for September 10, 2007. A discovery order was also entered by the Court setting the discovery deadline as December 31, 2007. No specific deadline for the submission of expert reports was included in the pre-trial order. Pursuant to Fed. R. Civ. P. 26(a)(2)(C), expert reports are due 90 days prior to trial, or on or before November 1, 2007. [1] The pretrial order set a deadline for the submission of a pre-trial memorandum of January 15, 2008. Based on that date, the case will be on the February 2008 trial calendar.

The settlement conference scheduled for September 10, 2007 was continued to October 3, 2007. At the conference, defendant and the Court learned that plaintiff's injuries were allegedly quite severe, that plaintiff was claiming permanent total disability and that there was an outstanding worker's compensation lien for approximately $130,000.00. According to plaintiff, she sustained injuries to her foot, shoulder, back, neck and knees. She was also claiming that a pre-existing condition of fibromyalgia was exacerbated.

The next day defendant served discovery on plaintiff. On October 5, 2007, plaintiff's deposition was noticed for October 18, 2007. Because plaintiff's attorney is court-excused from October 17, 2007 to November 1, 2007, the deposition will have to be rescheduled for November. On October 5, 2007, defendant also started the process of

[1] Federal Rule of Civil Procedure 26(a)(2)(C) provides that expert "disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions by the court or stipulation of the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial…" Fed. R. Civ. P. 26(a)(2)(C). The Amendment to Rule 26 that takes effect on December 1, 2007 does not alter the deadline .

issuing subpoenas to plaintiff's health care providers in order to collect her medical records. Under Rhode Island's Confidentiality of Health Care Communications and Information Act, an individual whose health care records are sought in the context of a judicial proceeding must be served with a copy of the subpoena and notified that he or she has the right to challenge it. See R.I.G.L. § 5-37.3-6.1(a)(1). Any challenge must be initiated within twenty (20) days of service of the subpoena and notice. See R.I.G.L. § 5-37.3-6.1(2). Accordingly, the subpoenas are not returnable until October 26, 2007 if there is no challenge. Due to the alleged nature of the injuries, defendant is planning on having multiple specialists review the case and likely to have an independent medical examination conducted once plaintiff's medical records are received.

## IV. There Is Good Cause for the Continuance of Trial

Defendant is entitled to a continuance because, under the circumstances of this case, there is inadequate time to perform discovery, disclose expert opinions and submit expert reports within the time allowed by Fed. R. Civ. P. 26(a)(2)(C). This constitutes good cause under Local Rule Cv 39.2.

As stated above, following the pretrial conference in this matter, the court ordered that the parties not conduct formal discovery and that they attempt to negotiate a settlement in good faith. This Court's order was presumably based on the fact that it appeared that plaintiff suffered from a simple broken foot. However, during the settlement conference before Magistrate Judge Almond, defendant and the Court learned that plaintiff was alleging serious injuries to her shoulder, back, neck and knees and that she was allegedly permanently and totally disabled. It was also discovered that plaintiff was claiming that the incident exacerbated pre-existing fibromyalgia.

Due to the Court's order, defendant was unable to conduct discovery until completion of the settlement conference on October 3, 2007. That leaves less than four weeks until expert reports are due on November 1, 2007. Defendant sent out initial discovery requests to plaintiff on October 4, 2007. The responses are due back in 30 days, which is beyond the deadline for expert disclosure. It also sent out subpoenas to all plaintiff's health care providers who treated plaintiff for this injury on October 5, 2007. Because of the notice requirements, records keeper depositions have been scheduled for October 26, 2007, which leaves four days for an expert to review the records and complete a report. In addition, because defendant does not know who plaintiff's healthcare providers are for prior and subsequent injuries, it cannot issue subpoenas for those health care providers until after plaintiff's deposition. As stated above, the deposition was initially scheduled for October 18, 2007. However, because plaintiff's attorney is court excused from October 17, 2007 through November 1, 2007. the deposition will have to be rescheduled for November. Information regarding prior and subsequent injuries is relevant information for expert review.

Once the medical records are collected, which will take at least three weeks, expert reviews and any Independent Medical Examination can be performed. It is likely that defendant will retain several experts, including an orthopedic surgeon, neurologist and rheumatologist because of the complexity of the alleged injuries in this case.

Clearly, good cause exists for the requested continuance. In addition, defendant has requested the continuance as soon as it became apparent at the settlement conference that it was necessary. Based on the fact that the matter is not on for trial until February of 2008, the request gives the Court sufficient time to reschedule the trial in this matter

without interfering with the efficient conduct of its business. In addition, because plaintiff's counsel has consented to a ninety (90) day continuance, it will create no hardship for plaintiff.

**V. <u>Conclusion</u>**

Defendant respectfully requests this Court issue an Order, pursuant to Local Rule Cv 39.2, continuing trial of this matter for ninety (90) days and any such other and further relief that this Court deems proper.

Date: Providence, Rhode Island
October 10, 2007

Respectfully submitted,

DEFENDANT,

NATIONAL RAILROAD
PASSENGER CORPORATION,

<u>Paul E. Dwyer, Jr.</u>

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge
LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October, 2007, a copy of the within document was served via the Court's Electronic Filing.

<u>/s/ Paul E. Dwyer, Jr.</u>