# EXHIBIT C

MICHAEL J. FARLEY
ATTORNEY AT LAW
LICENSED IN RHODE ISLAND AND MASSACHUSETTS

September 8, 2004

Providence/Warwick Convention &
Visitors Bureau
ATTN: Brian Whiting, President
One West Exchange Street
Providence, RI 02903

RE: **Elizabeth Reis**

Dear Mr. Whiting:

Please be advised that I represent Elizabeth Reis with respect to her work-related injury which occurred on June 23, 2004. As you know, Ms. Reis suffered a rather serious fracture to her right foot and will be prevented from carrying out her full employment duties for some period of time.

However, she has asked me to explore her return to work on a limited basis, the duties of which would be within the parameters of her physical impairment. The Workers' Compensation Statute provides for such a return to Suitable Alternative Employment, and I would ask that you speak to your counsel and/or your representative at Beacon Mutual Insurance Company in order to confirm this, and hopefully, to start the wheels in motion towards my client's return to those of her usual duties that she can perform. My client has advised me that she would be happy to return to full duty if she could at this time, but, between now and the time that she fully recovers from the effects of her injury, she does want to make every effort to provide valuable services to your company.

She has also indicated to me that there have been some discussions concerning two other issues, one being health insurance coverage for her son, and the other being monies which were paid to her during the initial period of her incapacity. With respect to the first issue, I have instructed my client that she is

670 WILLETT AVENUE • EAST PROVIDENCE, RHODE ISLAND 02915
(401) 437-3031 • FAX (401) 433-1605
e-mail: mfarley@eplaw.necoxmail.com

obligated to continue making payments for health insurance payments for her son and she will be sending a check for whatever past due premiums have been paid by the company. With respect to the salary paid to her during her initial period of disability, it is my understanding that you are seeking a reimbursement of these monies, and my first thought is that given the fact that my client is presently receiving approximately $100.00 less than her pre-injury net wages per week, that she is simply not in a financial position to consider reimbursing any amount, particularly in light of the additional burden of the health insurance which was discussed above. Further, generally speaking, in these situations, these types of payment are considered to be a gratuity, particularly with respect to salaried employees.

In any event, we do wish to deal with my client's current status with respect to work that she can do for the company during her recovery period.

I would be happy to speak to your attorney, your Beacon representative, or yourself with respect to the issues set forth herein.

Very truly yours,

Michael J. Farley

MJF:mfa

Cc: Maria Pate/Beacon Mutual