# EXHIBIT F

Form B18 (Official Form 18)(12/03)

# United States Bankruptcy Court

District of Rhode Island
**Case No. 1:05–bk–11339**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Elizabeth A. Reis
19 Ausdale Road
Cranston, RI 02910

Social Security No.:
xxx–xx–1528

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 7/25/05

Arthur N. Votolato
United States Bankruptcy Judge

Attest a True Copy Susan M. Thurston Clerk By Anne O'Hara Deputy Clerk

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

BAE SYSTEMS
Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

District/off: 0103-1 User: admin Page 1 of 1 Date Rcvd: Jul 26, 2005
Case: 05-11339 Form ID: 105 Total Served: 13

The following entities were served by first class mail on Jul 28, 2005.

db +Elizabeth A. Reis, 19 Ausdale Road, Cranston, RI 02910-5101
tr +Andrew S. Richardson, Boyajian Harrington & Richardson, 182 Waterman Street, Providence, RI 02906-4015
ust +Leonard DePasquale, US Trustee's Office, Room 910, 10 Dorrance Street, Providence, RI 02903-2018
cr +Bank Rhode Island, PO Box 9488, Providence, RI 02940-9488
943346258 +AAA Financial Services, PO Box 15288, Wilmington, DE 19886-5288
943346259 +Abendroth and Russell, P.C., Regency Plaza, 2536 73rd Street, Urbandale, Iowa 50322-4700
943346260 +Bank RI, PO Box 9488, Providence, RI 02940-9488
943346261 +Bankers Trust Company, 665 Locust Street, Des Moines, IA 50309-3763
943346264 +Citi Cards, PO Box 8117, S. Hackensack, NJ 07606-8117
943346265 +Greenwood Credit Union, 2669 Post Road, Warwick, RI 02886-3076
943346266 +RI Housing And Mortgage Finance, PO Box 113, Providence, RI 02901-0113

The following entities were served by electronic transmission on Jul 26, 2005 and receipt of the transmission was confirmed on:

943346262 +EDI: CAPITALONE.COM Jul 26 2005 15:14:00 Capital One, PO Box 85015, Richmond, VA 23285-5015
943346263 +EDI: FIRSTUSA.COM Jul 26 2005 15:15:00 Cardmember Service, PO Box 15153, Wilmington, DE 19886-5153

TOTAL: 2

***** BYPASSED RECIPIENTS *****

NONE.

TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 28, 2005** **Signature:** Joseph Speetjens

Form B240

R.I. Bankr. Form U
*See*, LBR 4008-1

FILED JUN 16 '05 11:57 USBCRI

REAFFIRMATION AGREEMENT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| Debtor's Name<br><br>ELIZABETH A. REIS | Bankruptcy Case No. 1:05-bk-11339<br>Chapter 7 |
|---|---|
| Creditor's Name & Address<br>BANK RHODE ISLAND<br>PO BOX 9488<br>PROVIDENCE, RI 02940 | |

Instructions: 1) Attach a copy of all court judgments, security agreements, and evidence of their-perfection.

2) File all the documents by mailing them or delivering them to the Clerk of the Bankruptcy Court.

**NOTICE TO DEBTOR:**

**This agreement gives up the protection of your bankruptcy discharge for this debt.**

**As a result of this agreement, the creditor may be able to take your property or wages if you do not pay the agreed amounts. The creditor may also act to collect the debt in other ways.**

**You may rescind (cancel) this agreement at any time before the bankruptcy court enters a discharge order or within 60 days after this agreement is filed with the court, whichever is later, by notifying the creditor that the agreement is canceled.**

You are not required to enter into this agreement by any law. It is not required by the Bankruptcy Code, by any other law, or by any contract (except another reaffirmation agreement made in accordance with Bankruptcy Code § 524(c)).

You are allowed to pay this debt without signing this agreement. However, if you do not sign this agreement and are later unwilling or unable to pay the full amount, the creditor will not be able to collect it from you. The creditor also will not be allowed to take your property to pay the debt unless the creditor has a lien on that property.

If the creditor has a lien on your personal property, you may have a right to redeem the property and eliminate the lien by making a single payment to the creditor equal to the current value of the property, as agreed by the parties or determined by the court.

Attest: True Copy
Susan M. Thurston
Clerk
By Anne O'Hara
Deputy Clerk

·orm B240 cont.,

**This agreement is not valid or binding unless it is filed with the clerk of the bankruptcy court. If you were not represented by an attorney during the negotiation of this reaffirmation agreement, the agreement cannot be enforced by the creditor unless 1) you have attended a reaffirmation hearing in the bankruptcy court, and 2) the agreement has been approved by the bankruptcy court. (Court approval is not required if this is a consumer debt secured by a mortgage or other lien on your real estate.)**

REAFFIRMATION AGREEMENT

The debtor and creditor named above agree to reaffirm the debt described in this agreement as follows:

THE DEBT

Total Amount of Debt When Case was Filed $ 16,872.93

Total Amount of Debt Reaffirmed $ 16,872.93

**Above total includes the following:**

Interest Accrued to Date of Agreement $ 117.65

Attorney Fees $________

Late Fees $________

Other Expenses or Costs Relating to the Collection of this Debt (Describe) $________

Annual Percentage Rate (APR) 8.2500 %

Amount of Monthly Payment $ variable(line of credit, only interest required monthly)

Date Payments Start 9/11/03

Total Number of Payments to be made 240

Total of Payments if paid according to schedule 240

Date Any Lien Is to Be Released if paid according to schedule 9/16/23

The debtor agrees that any and all remedies available to the creditor under the security agreement remain available.

Form B240 cont.,

All additional Terms Agreed to by the Parties (if any):

______________________________________________________________

Payments on this debt [were] [were not] in default on the date on which this bankruptcy case was filed. This agreement differs from the original agreement with the creditor as follows:

______________________________________________________________

______________________________________________________________

**CREDITOR'S STATEMENT CONCERNING AGREEMENT AND SECURITY/COLLATERAL (IF ANY)**

Description of Collateral. If applicable, list manufacturer, year and model. 1 Family Home

______________________________________________________________

Value $ 200,000(7/03 appraisal)

Basis or Source for Valuation Appraisal

Current Location and Use of Collateral 19 Ausdale Road, Cranston, RI 02910

Expected Future Use of Collateral To live in

Check Applicable Boxes:

☒ Any lien described herein is valid and perfected.

☐ This agreement is part of a settlement of a dispute regarding the dischargeability of this debt under section 523 of the Bankruptcy Code (11 U.S.C. § 523) or any other dispute. The nature of dispute is ____

______________________________________________________________.

**DEBTOR'S STATEMENT OF EFFECT OF AGREEMENT ON DEBTOR'S FINANCES**

My Monthly Income (take home pay plus any other income received) is $ ____________________.

My current monthly expenses total $______________, not including any payment due under this agreement or any debt to be discharged in this bankruptcy case.

I believe this agreement [will] [will not] impose an undue hardship on me or my dependents.

Form B21 cont.,

## DEBTOR'S STATEMENT CONCERNING DECISION TO REAFFIRM

I agree to reaffirm this debt because ______________________________

I believe this agreement is in my best interest because ______________________________

I [considered] [ did not consider] redeeming the collateral under section 722 of the Bankruptcy Code (11 U.S.C. § 722). I chose not to redeem because ______________________________

I [was] [was not] represented by an attorney during negotiations on this agreement.

## CERTIFICATION OF ATTACHMENTS

Any documents which created and perfected the security interest or lien [are] [are not] attached. [*If documents are not attached:* The documents which created and perfected the security interest or lien are not attached because

______________________________

## SIGNATURES

Elizabeth Reis
(Signature of Debtor)
Date: 5/23/2005

BANK RHODE ISLAND
(Name of Creditor)
Dori M. Braegen, Assistant Vice President
(Signature of Creditor Representative)
Date: 5/10/05

______________________________
(Signature of Joint Debtor)
Date: ______________

## CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor(s); (2) this agreement does not impose a hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[signature] 6077
(Signature of Debtor's Attorney, if any)

5-24-05
Date:

# BANK RI EQUITY LINE AGREEMENT & DISCLOSURE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $17,000.00 | 09-11-2003 | 09-16-2023 | 850305962 | RE | 038421528 | | |

References in the shaded area are for our use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** ELIZABETH A REIS
19 AUSDALE ROAD
CRANSTON, RI 02910

**Lender:** Bank Rhode Island
Park Avenue
1047 Park Avenue
Cranston, RI 02910
(401) 946-2244

**CREDIT LIMIT: $17,000.00** **DATE OF AGREEMENT: September 11, 2003**

**Introduction.** This BANK RI EQUITY LINE AGREEMENT & DISCLOSURE ("Agreement") governs your line of credit (the "Credit Line" or the "Credit Line Account") issued through Bank Rhode Island. In this Agreement, the words "Borrower," "you," "your," and "Applicant" mean each and every person who signs this Agreement, including all Borrowers named above. The words "we," "us," "our," and "Lender" mean Bank Rhode Island. **You agree to the following terms and conditions:**

**Promise to Pay.** You promise to pay Bank Rhode Island, or order, the total of all credit advances and **FINANCE CHARGES**, together with all costs and expenses for which you are responsible under this Agreement or under the"Mortgage" which secures your Credit Line. You will pay your Credit Line according to the payment terms set forth below. **If there is more than one Borrower, each is jointly and severally liable on this Agreement. This means we can require any Borrower to pay all amounts due under this Agreement, including credit advances made to any Borrower. Each Borrower authorizes any other Borrower, on his or her signature alone, to cancel the Credit Line, to request and receive credit advances, and to do all other things necessary to carry out the terms of this Agreement. We can release any Borrower from responsibility under this Agreement, and the others will remain responsible.**

**Term.** The term of your Credit Line will begin as of the date of this Agreement ("Opening Date") and will continue until September 16, 2023 ("Maturity Date"). All indebtedness under this Agreement, if not already paid pursuant to the payment provisions below, will be due and payable upon maturity. The draw period of your Credit Line will begin on a date, after the Opening Date, when the Agreement is accepted by us in the State of Rhode Island, following the expiration of the right to cancel, the perfection of the Mortgage, the receipt of all required certificates of noncancellation, and the meeting of all of our other conditions and will continue as follows: the draw period will extend for 120 months following the opening date of the Plan. You may obtain credit advances during this period ("Draw Period"). After the Draw Period ends, the repayment period will begin andyou will no longer be able to obtain credit advances. The length of the repayment period is as follows: the length of the repayment period will be 120 months . You agree that we may renew or extend the period during which you may obtain credit advances or make payments. You further agree that we may renew or extend your Credit Line Account.

**Minimum Payment.** Your "Regular Payment" will equal the amount of your accrued **FINANCE CHARGES** ("First Payment Stream"). You will make 120 of these payments. Your payments will be due monthly. Your "Minimum Payment" will be the Regular Payment, plus any amount due and all other charges. An increase in the **ANNUAL PERCENTAGE RATE** may increase the amount of your Regular Payment.

After completion of the First Payment Stream, your "Regular Payment" will be based on a percentage of your balance at the start of this payment period plus all accrued **FINANCE CHARGES** as shown below ("Second Payment Stream"). Your payments will be due monthly.

| Range of Balances | Number of Payments | Regular Payment Calculation |
|---|---|---|
| All Balances | 120 | 0.833% of your balance at the start of the repayment period plus all accrued **FINANCE CHARGES** |

Your "Minimum Payment" will be the Regular Payment, plus any amount past due and all other charges. An increase in the **ANNUAL PERCENTAGE RATE** may increase the amount of your Regular Payment.

In any event, if your Credit Line balance falls below $50.00, you agree to pay your balance in full. You agree to pay not less than the Minimum Payment on or before the due date indicated on your periodic billing statement.

**How Your Payments Are Applied.** Unless otherwise agreed or required by applicable law, payments and other credits will be applied first to Finance Charges; then to late charges and other charges; then to any amounts that exceed your Credit Limit; and then to unpaid principal.

**Receipt of Payments.** All payments must be made by a check, automatic account debit, electronic funds transfer, money order, or other instrument in U.S. dollars and must be received by us at the remittance address shown on your periodic billing statement. Payments received at that address prior to 11:00 AM Eastern Standard Time on any business day will be credited to your Credit Line as of the date received. If we receive payments at other locations, such payments will be credited promptly to your Credit Line, but crediting may be delayed for up to five (5) days after receipt.

**Credit Limit.** This Agreement covers a revolving line of credit for the principal amount of Seventeen Thousand & 00/100 Dollars ($17,000.00), which will be your "Credit Limit" under this Agreement. **During the Draw Period we will honor your request for credit advances subject to the section below on Lender's Rights.** You may borrow against the Credit Line, repay any portion of the amount borrowed, and re-borrow up to the amount of the Credit Limit. Your Credit Limit is the maximum amount you may have outstanding at any one time. You agree not to attempt, request, or obtain a credit advance that will make your Credit Line Account balance exceed your Credit Limit. Your Credit Limit will not be increased should you overdraw your Credit Line Account. If you exceed your Credit Limit, you agree to repay immediately the amount by which your Credit Line Account exceeds your Credit Limit, even if we have not yet billed you. Any credit advances in excess of your Credit Limit will not be secured by the Mortgage covering your principal dwelling.

**Charges to your Credit Line.** We may charge your Credit Line to pay other fees and costs that you are obligated to pay under this Agreement, the Mortgage or any other document related to your Credit Line. In addition, we may charge your Credit Line for funds required for continuing insurance coverage as described in the paragraph titled "Insurance" below or as described in the Mortgage for this transaction. We may also, at our option, charge your Credit Line to pay any costs or expenses to protect or perfect our security interest in your principal dwelling. These costs or expenses include, without limitation, payments to cure defaults under any existing liens on your principal dwelling. If you do not pay your property taxes, we may charge your Credit Line and pay the delinquent taxes. Any amount so charged to your Credit Line will be a credit advance and will decrease the funds available, if any, under the Credit Line. However, we have no obligation to provide any of the credit advances referred to in this paragraph.

**Credit Advances.** After the Effective Disbursement Date of this Agreement, you may obtain credit advances under your Credit Line as follows:

**Credit Line Checks.** Writing a preprinted "Credit Line Check" that we will supply to you.

If there is more than one person authorized to use this Credit Line Account, you agree not to give us conflicting instructions, such as one of you telling us not to give advances to the other.

**Limitations on the Use of Checks.** We reserve the right not to honor Credit Line Checks in the following circumstances:

**Credit Limit Violation.** Your Credit Limit has been or would be exceeded by paying the Credit Line Check.

**Post-dated Checks.** Your Credit Line Check is post-dated. If a post-dated Credit Line Check is paid and as a result any other check is returned or not paid, we are not responsible.

**Stolen Checks.** Your Credit Line Checks have been reported lost or stolen.

**Termination or Suspension.** Your Credit Line has been terminated or suspended as provided in this Agreement or could be if we paid the Credit Line Check.

**Transaction Violation.** Your Credit Line Check is less than the minimum amount required by this Agreement or you are in violation of any other transaction requirement or would be if we paid the Credit Line Check.

If we pay any Credit Line Check under these conditions, you must repay us, subject to applicable laws, for the amount of the Credit Line Check. The Credit Line Check itself will be evidence of your debt to us together with this Agreement. Our liability, if any, for wrongful dishonor of a check is limited to your actual damages. Dishonor for any reason as provided in this Agreement is not wrongful dishonor. We may choose not to return Credit Line Checks along with your periodic billing statements; however, your use of each Credit Line Check will be reflected on your periodic statement as a credit advance. We do not "certify" Credit Line Checks drawn on your Credit Line.

**Transaction Requirements.** The following transaction limitations will apply to the use of your Credit Line:

**Credit Line Credit Line Check Limitations.** The following transaction limitations will apply to your Credit Line and the writing of Credit Line Checks.

**Minimum Advance Amount.** The minimum amount of any credit advance that can be made on your Credit Line is $250.00. This means any Credit Line Check must be written for at least the minimum advance amount.

**Authorized Signers.** The words "Authorized Signer" on Credit Line Checks as used in this Agreement mean and include each person who (a) signs the application for this Credit Line, (b) signs this Agreement, or (c) has executed a separate signature authorization card for the Credit Line Account.

**Lost Credit Line Checks.** If you lose your Credit Line Checks or if someone is using them without your permission, you agree to let us know immediately. The fastest way to notify us is by calling us at (401) 946-2244. You also can notify us at our address shown at the beginning of this Agreement.

**Future Credit Line Services.** Your application for this Credit Line also serves as a request to receive any new services (such as access devices) which may be available at some future time as one of our services in connection with this Credit Line. You understand that this request is voluntary and that you may refuse any of these new services at the time they are offered. You further understand that the terms and conditions of this Agreement will govern any transactions made pursuant to any of these new services.

**Collateral.** You acknowledge this Agreement is secured by the following collateral described in the security instrument listed herein, all the terms and conditions of which are hereby incorporated and made a part of this Agreement: an Open-End Mortgage dated September 11, 2003, to us on real property located in PROVIDENCE County, State of Rhode Island.

**Insurance.** You must obtain insurance on the Property securing this Agreement that is reasonably satisfactory to us. You may obtain property insurance through any company of your choice that is reasonably satisfactory to us. You have the option of providing any insurance required under this Agreement through an existing policy or a policy independently obtained and paid for by you, subject to our right, for reasonable cause before credit is extended, to decline any insurance provided by you. Subject to applicable law, if you fail to obtain or maintain insurance as required in the Mortgage, we may purchase insurance to protect our own interest, add the premium to your balance, pursue any other remedies available to us, or do any one or more of these things.

**Right of Setoff.** To the extent permitted by applicable law, we reserve a right of setoff in all your accounts with us (whether checking, savings, or some other account), including without limitation, all accounts you may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. You authorize us, to the extent permitted by applicable law, to charge or setoff all sums owing on this Agreement against any and all such accounts.

**Periodic Statements.** If you have a balance owing on your Credit Line Account or have any account activity, we will send you a periodic statement. It will show, among other things, credit advances, FINANCE CHARGES, other charges, payments made, other credits, your "Previous Balance," and your "New Balance." Your statement also will identify the Minimum Payment you must make for that billing period and the date it is due.

**When FINANCE CHARGES Begin to Accrue.** Periodic FINANCE CHARGES for credit advances under your Credit Line will begin to accrue on the date credit advances are posted to your Credit Line. There is no "free ride period" which would allow you to avoid a FINANCE CHARGE on your Credit Line credit advances.

**Method Used to Determine the Balance on Which the FINANCE CHARGE Will Be Computed.** A daily FINANCE CHARGE will be imposed on all credit advances made under your Credit Line imposed from the date of each credit advance based on the "daily balance" method. To get the daily balance, we take the beginning balance of your Credit Line Account each day, add any new advances and subtract any payments or credits and any unpaid FINANCE CHARGES. This gives us the "daily balance."

**Method of Determining the Amount of FINANCE CHARGE.** Any FINANCE CHARGE is determined by applying the "Periodic Rate" to the balance described herein. Then we add together the periodic FINANCE CHARGES for each day in the billing cycle. This is your FINANCE CHARGE calculated by applying a Periodic Rate.

**Periodic Rate and Corresponding ANNUAL PERCENTAGE RATE.** We will determine the Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE as follows. We start with an independent index which is the PRIME RATE AS PUBLISHED IN THE MONEY RATES SECTION OF THE WALL STREET JOURNAL (the "Index"). We will use the most recent Index value available to us as of the date of any ANNUAL PERCENTAGE RATE adjustment. The Index is not necessarily the lowest rate charged by us on our loans. If the Index becomes unavailable during the term of this Credit Line Account, we may designate a substitute index after notice to you. To determine the Periodic Rate that will apply to your First Payment Stream, we add a margin to the value of the Index, then divide the value by the number of days in a year (daily). To obtain the ANNUAL PERCENTAGE RATE we multiply the Periodic Rate by the number of days in a year (daily). This result is the ANNUAL PERCENTAGE RATE for your First Payment Stream. To determine the Periodic Rate that will apply to your Second Payment Stream, we add a margin to the value of the Index, then divide the value by the number of days in a year (daily). To obtain the ANNUAL PERCENTAGE RATE we multiply the Periodic Rate by the number of days in a year (daily). This result is the ANNUAL PERCENTAGE RATE for your Second

Payment Stream. The **ANNUAL PERCENTAGE RATE** includes only interest and no other costs.

The Periodic Rate and the corresponding **ANNUAL PERCENTAGE RATE** on your Credit Line will increase or decrease as the Index increases or decreases from time to time. Any increase in the Periodic Rate will take the form of higher payment amounts. Adjustments to the Periodic Rate and the corresponding **ANNUAL PERCENTAGE RATE** resulting from changes in the Index will take effect Daily. In no event will the corresponding **ANNUAL PERCENTAGE RATE** be more than the lesser of 21.000% or the maximum rate allowed by applicable law. Today the Index is 4.000% per annum, and therefore the initial Periodic Rate and the corresponding **ANNUAL PERCENTAGE RATE** on your Credit Line are as stated below:

Current Rates for the First Payment Stream

| Range of Balance or Conditions | Margin Added to Index | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
|---|---|---|---|
| All Balances | 2.500% | 6.500% | 0.01781% |

Current Rates for the Second Payment Stream

| Range of Balance or Conditions | Margin Added to Index | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
|---|---|---|---|
| All Balances | 2.500% | 6.500% | 0.01781% |

**Notwithstanding any other provision of this Agreement, we will not charge interest on any undisbursed loan proceeds, except as may be permitted during any Right of Rescission period.**

**Conditions Under Which Other Charges May Be Imposed.** You agree to pay all the other fees and charges related to your Credit Line as set forth below:

**Annual Fee.** A nonrefundable Annual Fee of $50.00 will be charged to your Credit Line at the following time: Annually.

**Fee to Stop Payment.** Your Credit Line Account may be charged $15.00 when you request a stop payment on your account.

**Overlimit Charge.** Your Credit Line Account may be charged $20.00 if you cause your Credit Line Account to go over your Credit Limit. This includes writing a Credit Line Check in excess of your available balance.

**Late Charge.** Your payment will be late if it is not received by us within **15 days after the "Payment Due Date" shown on your periodic statement.** If your payment is late we may charge you 5.000% of the payment.

**Lender's Rights.** Under this Agreement, we have the following rights:

**Termination and Acceleration.** We can terminate your Credit Line Account and require you to pay us the entire outstanding balance in one payment, and charge you certain fees, if any of the following happen: (1) You commit fraud or make a material misrepresentation at any time in connection with this Credit Agreement. This can include, for example, a false statement about your income, assets, liabilities, or any other aspects of your financial condition. (2) You do not meet the repayment terms of this Credit Agreement. (3) Your action or inaction adversely affects the collateral for the plan or our rights in the collateral. This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of title or sale of the dwelling, creation of a senior lien on the dwelling without our permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

**Suspension or Reduction.** In addition to any other rights we may have, we can suspend additional extensions of credit or reduce your Credit Limit during any period in which any of the following are in effect:

(1) The value of your property declines significantly below the property's appraised value for purposes of this Credit Line Account. This includes, for example, a decline such that the initial difference between the Credit Limit and the available equity is reduced by fifty percent and may include a smaller decline depending on the individual circumstances.

(2) We reasonably believe that you will be unable to fulfill your payment obligations under your Credit Line Account due to a material change in your financial circumstances.

(3) You are in default under any material obligations of this Credit Line Account. We consider all of your obligations to be material. Categories of material obligations include the events described above under Termination and Acceleration, obligations to pay fees and charges, obligations and limitations on the receipt of credit advances, obligations concerning maintenance or use of the property or proceeds, obligations to pay and perform the terms of any other deed of trust, mortgage or lease of the property, obligations to notify us and to provide documents or information to us (such as updated financial information), obligations to comply with applicable laws (such as zoning restrictions), and obligations of any comaker. No default will occur until we mail or deliver a notice of default to you, so you can restore your right to credit advances.

(4) We are precluded by government action from imposing the **ANNUAL PERCENTAGE RATE** provided for under this Agreement.

(5) The priority of our security interest is adversely affected by government action to the extent that the value of the security interest is less than one hundred twenty percent (120%) of the Credit Limit.

(6) We have been notified by governmental authority that continued advances may constitute an unsafe and unsound business practice.

**Change In Terms.** We may make changes to the terms of this Agreement if you agree to the change in writing at that time, if the change will unequivocally benefit you throughout the remainder of your Credit Line Account, or if the change is insignificant (such as changes relating to our data processing systems). If the Index is no longer available, we will choose a new Index and margin. The new Index will have an historical movement substantially similar to the original Index, and the new Index and margin will result in an **ANNUAL PERCENTAGE RATE** that is substantially similar to the rate in effect at the time the original index becomes unavailable. We may prohibit additional extensions of credit or reduce your Credit Limit during any period in which the maximum **ANNUAL PERCENTAGE RATE** under your Credit Line Account is reached.

**Collection Costs.** We may hire or pay someone else to help collect this Agreement if you do not pay. You will pay us that amount. This includes, subject to any limits under applicable law, our attorneys' fees and our legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.

If not prohibited by applicable law, you also will pay any court costs, in addition to all other sums provided by law.

**Access Devices.** If your Credit Line is suspended or terminated, you must immediately return to us all Credit Line Checks and any other access devices. Any use of Credit Line Checks or other access devices following suspension or termination may be considered fraudulent. You will also remain liable for any further use of Credit Line Checks or other Credit Line access devices not returned to us.

**Delay In Enforcement.** We may delay or waive the enforcement of any of our rights under this Agreement without losing that right or any other right. If we delay or waive any of our rights, we may enforce that right at any time in the future without advance notice. For example, not terminating your account for non-payment will not be a waiver of our right to terminate your account in the future if you have not paid.

**Cancellation by you.** If you cancel your right to credit advances under this Agreement, you must notify us and return all Credit Line Checks and any other access devices to us. Despite cancellation, your obligations under this Agreement will remain in full force and effect until you have paid us all amounts due under this Agreement.

**Prepayment.** You may prepay all or any amount owing under this Credit Line at any time without penalty, except we will be entitled to receive all accrued **FINANCE CHARGES**, and other charges, if any. Payments in excess of your Minimum Payment will not relieve you of your obligation to continue to make your Minimum Payments. Instead, they will reduce the principal balance owed on the Credit Line. You agree not to send us payments marked "paid in full", "without recourse", or similar language. If you send such a payment, we may accept it without losing any of our rights under this Agreement, and you will remain obligated to pay any further amount owed to us. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank Rhode Island, Loan Servicing, P.O. Box 9488 Providence, RI 02940-9488.

**Notices.** All notices will be sent to your address as shown in this Agreement. Notices will be mailed to you at a different address if you give us written notice of a different address. You agree to advise us promptly if you change your mailing address.

**Credit Information and Related Matters.** You authorize us to release information about you to third parties as described in our privacy policy and our Fair Credit Reporting Act notice, provided you did not opt out of the applicable policy, or as permitted by law. You agree that, upon our request, you will provide us with a current financial statement, a new credit application, or both, on forms provided by us. You also agree we may obtain credit reports on you at any time, at our sole option and expense, for any reason, including but not limited to determining whether there has been an adverse change in your financial condition. We may require a new appraisal of the Property which secures your Credit Line at any time, including an internal inspection, at our sole option and expense.

**Transfer or Assignment.** Without prior notice or approval from you, we reserve the right to sell or transfer your Credit Line Account and our rights and obligations under this Agreement to another lender, entity, or person, and to assign our rights under the Mortgage. Your rights under this Agreement belong to you only and may not be transferred or assigned. Your obligations, however, are binding on your heirs and legal representatives. Upon any such sale or transfer, we will have no further obligation to provide you with credit advances or to perform any other obligation under this Agreement.

**Tax Consequences.** You understand that neither we, nor any of our employees or agents, make any representation or warranty whatsoever concerning the tax consequences of your establishing and using your Credit Line, including the deductibility of interest, and that neither we nor our employees or agents will be liable in the event interest on your Credit Line is not deductible. You should consult your own tax advisor for guidance on this subject.

**Notify Us of Inaccurate Information We Report To Consumer Reporting Agencies.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: Bank Rhode Island Loan Servicing P.O. Box 9488 Providence, RI 02940-9488

**Governing Law. This Agreement will be governed by and interpreted in accordance with federal law and the laws of the State of Rhode Island. This Agreement has been accepted by us in the State of Rhode Island.**

**Caption Headings.** Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

**Interpretation.** You agree that this Agreement, together with the Mortgage, is the best evidence of your agreements with us. If we go to court for any reason, we can use a copy, filmed or electronic, of any periodic statement, this Agreement, the Mortgage or any other document to prove what you owe us or that a transaction has taken place. The copy, microfilm, microfiche, or optical image will have the same validity as the original. You agree that, except to the extent you can show there is a billing error, your most current periodic statement is the best evidence of your obligation to pay.

**Severability.** If a court finds that any provision of this Agreement is not valid or should not be enforced, that fact by itself will not mean that the rest of this Agreement will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Agreement even if a provision of this Agreement may be found to be invalid or unenforceable.

**Acknowledgment.** You understand and agree to the terms and conditions in this Agreement. By signing this Agreement, you acknowledge that you have read this Agreement. You also acknowledge receipt of a completed copy of this Agreement, including the Fair Credit Billing Notice and the early home equity line of credit application disclosure, in addition to the handbook entitled "When Your Home Is On the Line: What You Should Know About Home Equity Lines of Credit," given with the application.

**BORROWER:**

X Elizabeth A. Reis
ELIZABETH A REIS, Individually

ACCEPTED: BANK RHODE ISLAND

By: Kristin Pallet
Authorized Signer

Effective Disbursement Date: 9/16/03

# BILLING ERROR RIGHTS

## YOUR BILLING RIGHTS

## KEEP THIS NOTICE FOR FUTURE USE

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

**Notify us in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at

**Bank Rhode Island**
**Loan Servicing**
**P.O. Box 9488**
**Providence, RI 02940-9488**

or at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than sixty (60) days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

Your name and account number.

The dollar amount of the suspected error.

Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter must reach us three (3) business days before the automatic payment is scheduled to occur.

**Your rights and our responsibilities after we receive your written notice.**

We must acknowledge your letter within thirty (30) days, unless we have corrected the error by then. Within ninety (90) days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your Credit Limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date on which it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten (10) days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

LASER PRO Lending, Ver. 5.22.10.005 Copr. Harland Financial Solutions, Inc. 1997, 2003. All Rights Reserved. - RI K:\GSS\CFI\LPL\D25.FC TR-2827 PR-3

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (9/97) Case Number 1:05-bk-11339

# UNITED STATES BANKRUPTCY COURT
District of Rhode Island

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 4/18/05.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations.

Debtor(s) (name(s) and address):
Elizabeth A. Reis
19 Ausdale Road
Cranston, RI 02910

| | |
|---|---|
| Case Number:<br>1:05-bk-11339 | Social Security/Taxpayer ID Nos.:<br>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 |
| Attorney for Debtor(s) (name and address):<br>Robert B. Jacquard<br>949 Park Avenue<br>Cranston, RI 02910<br>Telephone number: (401) 461-8880<br>419-9915 | Bankruptcy Trustee (name and address):<br>Andrew S. Richardson<br>Boyajian Harrington & Richardson<br>182 Waterman Street<br>Providence, RI 02906<br>Telephone number: (401) 273-9600 |

## Meeting of Creditors:

Date: **May 23, 2005** Time: **03:00 PM**

Location: **10 Dorrance Street, Room 915, , Providence, RI 02903**

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: 7/22/05**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>The Federal Center<br>380 Westminster Street<br>6th Floor<br>Providence, RI 02903<br>Telephone number: (401) 528-4477<br>www.rib.uscourts.gov | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>[signature]<br>Susan M. Thurston |
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: 4/18/05 |

FILED JUN 16 '05 11:57 USBCRI

049560

(Official Form 1) (12/03)

FORM B1

# United States Bankruptcy Court
# District of Rhode Island

# Voluntary Petition

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Reis, Elizabeth A.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): **1528** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): **19 Ausdale Road Cranston, RI 02910** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business: **Providence** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor (if different from street address above):

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue (Check any applicable box)**

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

☑ Individual(s) ☐ Railroad
☐ Corporation ☐ Stockbroker
☐ Partnership ☐ Commodity Broker
☐ Other ______ ☐ Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☑ Chapter 7 ☐ Chapter 11 ☐ Chapter 13
☐ Chapter 9 ☐ Chapter 12
☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

☑ Consumer/Non-Business ☐ Business

**Filing Fee** (Check one box)

☑ Full Filing Fee Attached
☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business (Check all boxes that apply)**

☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| Estimated Assets | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Estimated Debts | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

Attest: True Copy Susan M. Thurston Clerk By [signature] Deputy Clerk

(Official Form 1) (12/03) FORM B1, Page 2

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s): Elizabeth A. Reis

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| NONE | | |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| NONE | | |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Elizabeth A. Reis
Signature of Debtor

X Not Applicable
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

04-18-2005
Date

**Signature of Attorney**

X /s/Robert B. Jacquard
Signature of Attorney for Debtor(s)

Robert B. Jacquard, Esquire, 6077
Printed Name of Attorney for Debtor(s) / Bar No.

Robert B. Jacquard, Esquire
Firm Name

949 Park Avenue Cranston, Rhode Island 02910
Address

(401) 461-8880 (401) 461-8902
Telephone Number

04-18-2005
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X Not Applicable
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10Kand 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X /s/Robert B. Jacquard 04-18-2005
Signature of Attorney for Debtor(s) Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Not Applicable
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X Not Applicable
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6A
(6/90)

In re: Elizabeth A. Reis , Case No. ____________
Debtor (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **19 Ausdale Road<br>Cranston, RI 02910** | **Fee Owner** | | **$ 250,000.00** | **$ 196,000.00** |
| | | **Total ➤** | **$ 250,000.00** | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re Elizabeth A. Reis , Case No. ____________
Debtor (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Cash | | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank RI Checking | | 20.00 |
| | | Bank RI Savings | | 182.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous furnishings | | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous decorations and collectables | | 200.00 |
| 6. Wearing apparel. | | Miscellaneous clothing | | 800.00 |
| 7. Furs and jewelry. | | Miscellaneous jewelry | | 1,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| | | | | |

FORM B6B
(10/89)

In re Elizabeth A. Reis, Case No. ______________
Debtor (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2005 Hyundai | | 16,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |

FORM B6B
(10/89)

In re Elizabeth A. Reis, Debtor    Case No. ____________ (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | **Debtor injured foot at work 6/2004. Currently collecting Workers' Comp. Represented by Attorney Michael Farley** | | **unknown** |

2 continuation sheets attached    Total > **$ 19,252.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re Elizabeth A. Reis, Case No. ____________
Debtor. (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1) Exemptions provided in 11 U.S.C. § 522(d). **Note: These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **19 Ausdale Road Cranston, RI 02910** | **GL § 9-26-4.1** | **54,000.00** | **250,000.00** |
| **2005 Hyundai** | **GL §9-26-4(13)** | **0.00** | **16,000.00** |
| **Debtor injured foot at work 6/2004. Currently collecting Workers' Comp. Represented by Attorney Michael Farley** | **GL § 28-33-27** | **unknown** | **unknown** |
| **Miscellaneous clothing** | **GL § 9-26-4(1)** | **800.00** | **800.00** |
| **Miscellaneous decorations and collectables** | **GL § 9-26-4(3)** | **200.00** | **200.00** |
| **Miscellaneous furnishings** | **GL § 9-26-4(3)** | **1,000.00** | **1,000.00** |
| **Miscellaneous jewelry** | **GL §9-26-4(14)** | **1,000.00** | **1,000.00** |

FORM B6D
(12/03)

In re: Elizabeth A. Reis , Case No. ____________
Debtor (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 850305962<br>**Bank RI**<br>**PO Box 9488**<br>**Providence, RI 02940** | | | **01-01-2003**<br>**Mortgage**<br>**19 Ausdale Road**<br>**Cranston, RI 02910**<br>**VALUE $250,000.00** | | | | **17,000.00** | **0.00** |
| ACCOUNT NO. 1430231<br>**Greenwood Credit Union**<br>**2669 Post Road**<br>**Warwick, RI 02886** | | | **01-20-2005**<br>**Security Agreement**<br>**2005 Hyundai**<br>**VALUE $16,000.00** | | | | **17,000.00** | **1,000.00** |
| ACCOUNT NO. 2010310369<br>**RI Housing And Mortgage Finance**<br>**PO Box 113**<br>**Providence, RI 02901** | | | **06-01-2003**<br>**Mortgage**<br>**19 Ausdale Road**<br>**Cranston, RI 02910**<br>**VALUE $250,000.00** | | | | **179,000.00** | **0.00** |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal > (Total of this page) | $213,000.00 |
| Total > (Use only on last page) | $213,000.00 |

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re Elizabeth A. Reis Case No. ____________
Debtor (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1 Continuation sheets attached

Form B6E - Cont.
(04/04)

In re Elizabeth A. Reis, Case No. ____________
Debtor (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. 1 of 1 sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | > | $0.00 |
| Total (Use only on last page of the completed Schedule E.) | > | $0.00 |

(Report total also on Summary of Schedules)

Form B6F (12/03)

In re Elizabeth A. Reis, Case No. ____________
Debtor (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4313033849684431<br>AAA Financial Services<br>PO Box 15288<br>Wilmington, DE 19886 | | | 01-01-2003<br>Miscellaneous merchnadise | | | | 9,843.00 |
| ACCOUNT NO. 00003001792<br>Bankers Trust Company<br>665 Locust Street<br>Des Moines, IA 50309<br><br>Abendroth and Russell, P.C.<br>Regency Plaza<br>2536 73rd Street<br>Urbandale, Iowa 50322 | | | 01-01-1998<br>Unsecured business loan for debtor's former business Creative Tours & Charters original amount was about 25,000. Used to pay expenses of tour businness. | | | | 12,040.00 |
| ACCOUNT NO. 5178052467052037<br>Capital One<br>PO Box 85015<br>Richmond, VA 23285 | | | 01-01-2003<br>Miscellaneous merchnadise | | | | 880.00 |
| ACCOUNT NO. 4266841011224134<br>Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886 | | | 01-01-2003<br>Miscellaneous merchnadise | | | | 1,266.00 |
| ACCOUNT NO. 5424180277357692<br>Citi Cards<br>PO Box 8117<br>S. Hackensack, NJ 07606 | | | 11-01-2003<br>Miscellaneous merchnadise | | | | 6,989.00 |

0 Continuation sheets attached

| | |
|---|---|
| Subtotal > | $31,018.00 |
| Total > | $31,018.00 |

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: Elizabeth A. Reis Case No. ____________
Debtor (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| | |

B6H
(6/90)

In re: Elizabeth A. Reis, Case No. ________________
Debtor (If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6I
(12/03)

In re Elizabeth A. Reis, Debtor — Case No. ____________ (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: Divorced | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | Son | 12 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Travel Agent | |
| Name of Employer | | |
| How long employed | unemployed | |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 0.00 | $ |
| Estimated monthly overtime | $ 0.00 | $ |
| SUBTOTAL | $ 0.00 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (Specify) | $ 0.00 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ |
| Income from real property | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| Social security or other government assistance (Specify) | $ 0.00 | $ |
| Pension or retirement income | $ 0.00 | $ |
| Other monthly income (Specify) Disability Insurance Policy | $ 200.00 | $ |
| Workers' Comp | $ 2,279.00 | $ |
| TOTAL MONTHLY INCOME | $ 2,479.00 | $ |

TOTAL COMBINED MONTHLY INCOME $ 2,479.00 (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**Debtor injured while working for Providence/Warwick Vistors Bureau. Only income is now Workers' Comp and Dis. Insurance.**

Form B6J
(6/90)

In re Elizabeth A. Reis, Case No. ____________
Debtor (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 1,522.00 |
| Are real estate taxes included? Yes ✓ No ___ | |
| Is property insurance included? Yes ✓ No ___ | |
| Utilities Electricity and heating fuel | $ 225.00 |
| Water and sewer | $ 60.00 |
| Telephone | $ 75.00 |
| Other Cable, Internet | $ 60.00 |
| Home maintenance (repairs and upkeep) | $ 100.00 |
| Food | $ 600.00 |
| Clothing | $ 100.00 |
| Laundry and dry cleaning | $ 60.00 |
| Medical and dental expenses | $ 200.00 |
| Transportation (not including car payments) | $ 200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $ 0.00 |
| Life | $ 0.00 |
| Health | $ 92.00 |
| Auto | $ 102.00 |
| Other | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
| Auto | $ 270.00 |
| Other | $ 0.00 |
| Alimony, maintenance or support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other | $ 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 3,766.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ |
| B. Total projected monthly expenses | $ |
| C. Excess income (A minus B) | $ |
| D. Total amount to be paid into plan each ____________ (interval) | $ |

Form B6
(6/90)

# United States Bankruptcy Court
# District of Rhode Island

In re Elizabeth A. Reis

Case No.

Chapter 7

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 250,000.00 | | |
| B - Personal Property | YES | 3 | $ 19,252.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 213,000.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $ 31,018.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 2,479.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 3,766.00 |
| Total Number of sheets in ALL Schedules ➢ | | 13 | | | |
| | | Total Assets ➢ | $ 269,252.00 | | |
| | | | Total Liabilities ➢ | $ 244,018.00 | |

Official Form 6 - Cont.
(12/03)

In re: Elizabeth A. Reis, Debtor    Case No. ______ (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 14 (Total shown on summary page plus 1.) sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date: 04-18-2005    Signature: /s/ Elizabeth A. Reis
Elizabeth A. Reis

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

UNITED STATES BANKRUPTCY COURT
District of Rhode Island

In re: Elizabeth A. Reis
1528

Case No. ____________

Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **10,000.00** | **Creative Tours & Charters** | **2003** |
| **28,583.00** | **Providence/Warwick Vistors Bureau** | **2003** |
| **20,416.00** | **Providence/Warwick Vistors Bureau** | **2004** |

## 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **16,133.00** | **Workers' Compensation** | **2004** |
| **10,371.00** | **Workers' Compensation** | **2005** |
| **600.00** | **Long term disability insurance, paid for by employer** | **2005** |

## 3. Payments to creditors

None ☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **IN RE Elizabeth Reis unknown** | **Workers' Comp** | **Workers' Compensation Court 1 Dorrance Plaza Providence, RI 02903** | **open** |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7. Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Robert B. Jacquard, Esquire**<br>**949 Park Avenue**<br>**Cranston, Rhode Island 02910** | **4/15/2005** | **350.00** |

## 10. Other transfers

None
☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None ☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

## 18. Nature, location and name of business

None ☐

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Creative Tours & Charters** | | **105 N.W. Calista Ct. Grimes, IA 50111** | **Travel** | **11-01-1995**<br>**02-01-2003** |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None ☑

| NAME | ADDRESS |
|---|---|

* * * * * *

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **04-18-2005**

Signature of Debtor **/s/ Elizabeth A. Reis**
**Elizabeth A. Reis**

Official Form 8
( 12/03)

UNITED STATES BANKRUPTCY COURT
District of Rhode Island

In re: Elizabeth A. Reis
1528

Case No. ____________
Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

a. *Property To Be Surrendered.*

| Description of Property | Creditor's Name |
|---|---|
| None | |

b. *Property To Be Retained.* *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. 19 Ausdale Road Cranston, RI 02910 | Bank RI | | | X | |
| 2. 2005 Hyundai | Greenwood Credit Union | | | X | |
| 3. 19 Ausdale Road Cranston, RI 02910 | RI Housing And Mortgage Finance | | | X | |

Date: 04-18-2005

/s/ Elizabeth A. Reis
Signature of Debtor

UNITED STATES BANKRUPTCY COURT
District of Rhode Island

In re: Elizabeth A. Reis

Debtor

Case No. ____________

Chapter 7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 350.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 350.00 |

2. The source of compensation paid to me was:

☑ Debtor ☐ Other (specify)

3. The source of compensation to be paid to me is:

☐ Debtor ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e) [Other provisions as needed]

**None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

**None**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: 04-18-2005

/s/Robert B. Jacquard
Robert B. Jacquard, Esquire, Bar No. 6077

Robert B. Jacquard, Esquire
Attorney for Debtor(s)

B 201 (11/03)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)**

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer ($200 filing fee plus $39 administrative fee)**

Chapter 12 designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family - owned farm.

I, the debtor, affirm that I have read this notice.

| 04-18-2005 | /s/ Elizabeth A. Reis | |
|---|---|---|
| Date | Signature of Debtor | Case Number |

Notice of Available Chapters (Rev. 6/95) 1998 USBC, District of Rhode Island

Name: Robert B. Jacquard, Esquire
Address: Robert B. Jacquard, Esquire
949 Park Avenue
Cranston, Rhode Island 02910

Telephone: (401) 461-8880 Fax: (401) 461-8902

☑ Attorney for Debtor(s)

☐ Debtor In Pro Per

<table>
<tr><td colspan="2">UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF RHODE ISLAND</td></tr>
<tr><td rowspan="2">List all names including trade names, used by Debtor(s) within last 6 years:<br>Elizabeth A. Reis<br><br>Social Security No. 1528 ______ Debtor<br><br>Debtor(s) EIN No. ______</td><td>Case No.:</td></tr>
<tr><td>NOTICE OF AVAILABLE CHAPTERS</td></tr>
</table>

1. Section 342(b) of 11 U.S.C. ("The Bankruptcy Code") states:
"Prior to the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give written notice to such individual that indicates each chapter of this title under which such individual may proceed."
2. You are eligible to file under Chapter 7, whereby debts are discharged and your non-exempt assets are liquidated by the trustee for the benefit of your creditors.
3. You are eligible to file under Chapter 11 for debt reorganization upon payment of the additional fee required.
4. If your noncontingent, liquidated debts are less than $250,000.00 unsecured and $750,000.00 secured (11 U.S.C. § 109(e)), you are also eligible to file under Chapter 13 and to use future income to pay all or a portion of your debts.
5. If you are a family farmer, with a regular annual income, as defined by 11 U.S.C. § 101 (18) (19), you are eligible to file under Chapter 12.
6. To determine which chapter to file under, it is recommended that you consult an attorney.

**SUSAN M. THURSTON**
Clerk of Court

**"I have read the above NOTICE OF AVAILABLE CHAPTERS."**

/s/ Elizabeth A. Reis
Signature of Debtor

04-18-2005
Date

**If the Court has previously ordered that you may not file bankruptcy for 180 days or any other period, you may not file bankruptcy without prior leave of the Court.**

## UNITED STATES BANKRUPTCY COURT
## District of Rhode Island

In re: Elizabeth A. Reis
1528

Case No. ____________

Chapter 7

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 1 sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: 04-18-2005

Signed: /s/ Elizabeth A. Reis
Elizabeth A. Reis

Signed: /s/Robert B. Jacquard
Robert B. Jacquard, Esquire
Bar No. 6077

AAA Financial Services
PO Box 15288
Wilmington, DE 19886

Abendroth and Russell, P.C.
Regency Plaza
2536 73rd Street
Urbandale, Iowa 50322

Bank RI
PO Box 9488
Providence, RI 02940

Bankers Trust Company
665 Locust Street
Des Moines, IA 50309

Capital One
PO Box 85015
Richmond, VA 23285

Cardmember Service
PO Box 15153
Wilmington, DE 19886

Citi Cards
PO Box 8117
S. Hackensack, NJ 07606

Greenwood Credit Union
2669 Post Road
Warwick, RI 02886

RI Housing And Mortgage Finance
PO Box 113
Providence, RI 02901