UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH A. REIS,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION,<br><br>*Defendant.* | Civil Action No. 07-236 S |

**MEMORANDUM OF LAW IN SUPPORT DEFENDANT NATIONAL PASSENGER RAILROAD CORPORATION'S MOTION FOR PHYSICAL EXAMINATION PURSUANT TO RULE 35**

Defendant National Passenger Railroad Corporation ("Amtrak") hereby moves for an order of this Court compelling Plaintiff Elizabeth A. Reis ("Plaintiff") to submit to a physical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure.

As reasons therefore, Amtrak directs this Court to the plaintiff's Complaint, in which plaintiff seeks monetary damages for physical injuries she suffered as a result of a fall allegedly caused by Amtrak's negligence. Rule 35 allows this court to order the plaintiff to submit to a physical examination "[w]hen the mental or physical condition … of a party … is in controversy." Civ. P. 35; see also Eckman v. University of Rhode Island, 160 F.R.D. 431, 433 (D.R.I. 1995). Plaintiff placed her physical condition at issue in the present action when she sought damages for injuries she sustained during the fall and good cause exists for the granting of the instant motion. See F. R. Civ. P. 35. In fact, such physical examinations are routinely ordered in personal injury cases such as the instant action. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964) ("A plaintiff in a negligence action who asserts mental or physical injury …

places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.")

Amtrak further asserts that it has conferred with plaintiff's counsel, Frederick A. Costello, Esq., via letter dated February 22, 2008 (attached hereto as Exhibit A) and related telephone calls, regarding implementation of an independent medical examination. Specifically, Amtrak submitted dates to plaintiff's counsel during which time Joseph Barr, M.D., a physician licensed in the Commonwealth of Massachusetts, was available to conduct a physical examination of plaintiff. See Exhibit A. Shortly thereafter, plaintiff's counsel telephoned Amtrak counsel and reported that plaintiff refused to travel to Boston, Massachusetts to submit to a physical examination. Plaintiff's counsel cited that his client's medical condition as the reason for her refusal, indicating that she was incapable of traveling the fifty miles to Boston.

Amtrak respectfully disputes plaintiff's assertion that she is unable to sit for prolonged periods of time and/or travel fifty miles. As reasons for Amtrak's objection, Amtrak directs this Court to three surveillance reports dated July 25, 2007, October 15, 2007 and January 6, 2008 (attached hereto as Exhibits B through D, respectively). The surveillance reports clearly reveal that plaintiff is capable of traveling. During surveillance conducted on July 25, 2007, plaintiff was observed driving to Providence Pier Park and boarding the ferry to Newport where she went shopping and socializing in the Newport Wharf area. On October 15, 2007, plaintiff drove through Cranston and Warwick running errands at five locations over the course of three hours. On January 6, 2008, she was observed traveling in Cranston. Plaintiff was observed loading and unloading items from her car, remaining outside her home for hours at a time, and moving about without any observable impediment.

Furthermore, Amtrak has offered to hire a private car service to transport plaintiff to

Boston, Massachusetts for the physical examination. Such a car service would be instructed to make stops as needed by plaintiff to ensure her comfort during the trip. Accordingly, Amtrak asserts that plaintiff is capable of traveling to Boston, Massachusetts for a physical examination by a licensed physician designated by Amtrak.

Finally, Amtrak asserts that travel to Boston, Massachusetts for an independent medical examination is not unreasonable. In fact, many Rhode Island residents seek medical care at Boston hospitals. Thus, Amtrak's request that plaintiff travel to Boston, Massachusetts for a physical examination is reasonable.

In sum, Amtrak has satisfied the requirements of Rule 35 where plaintiff has placed her own physical condition at issue in this matter and good cause exists to order plaintiff submit to a physical examination. See F. R. Civ. P. 35; Schlagenhauf, 379 U.S. at 119. Furthermore, plaintiff is physically capable of submitting to an examination in Boston, Massachusetts. See Exhibits B through D. Finally, Amtrak's request that plaintiff travel to Boston, Massachusetts for an independent medical examination is reasonable.

Accordingly, Amtrak hereby requests this Court order that plaintiff submit to a physical examination by Joseph Barr, M.D. at his offices located at Orthopedic Associates, Zero Emerson Place, Suite 120, Boston, Massachusetts, on a date and time to be agreed upon by the parties.

NATIONAL PASSENGER
RAILROAD CORPORATION,

By its attorney,

/s/ Paul E. Dwyer, Jr.

Paul E. Dwyer, Jr., Esq. (#3956)
EDWARDS ANGELL PALMER
& DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (*fax*)
pdwyer@eapdlaw.com

Dated: March 21, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2008, I caused a copy of the within document to be sent by first class mail, postage pre-paid, the following counsel of record:

Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road
Suite 20D
Warwick, RI 02886

/s/ Paul E. Dwyer, Jr.