UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ELIZABETH A. REIS**

**VS C. A. NO. 07-236S**

**NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION**

**PLAINTIFF'S MOTION TO EXTEND TIME FOR PRE-TRIAL ORDER AND MOTION TO BIFURCATE MOTION ON HEARING FOR SUMMARY JUDGMENT**

Now comes the Plaintiff and files the following Motion and statement in support of said Motion. Plaintiff can represent that Defendant has no objection and is in agreement with said Motion.

1. Plaintiff requests a ninety (90) day extension of the pre-trial Order concerning filing of dispositive Motions, the ending of discovery and the filing of pre-trial Memorandum.

2. That at the present time the pre-trial Order indicates discovery will close on March 31, 2008 and that thirty (30) days after the decision on any dispositive motions, pre-trial memorandum will be due.

3. That at the present time dispositive Motions are scheduled and Plaintiff's response to Defendant's Motion for Summary Judgment is due April 22, 2008.

4. That Plaintiff respectfully requests that the pre-trial order ending discovery on March 31, 2008 be extended ninety (90) days.

5. That the reason for this request is that there is information and names of witnesses that are unknown and will not be known until depositions are taken of certain employees of the Defendant. The first deposition scheduled to be taken of Defendant had

to be cancelled because Defendant was not available. It was rescheduled to March 28, 2008.

6. That it is expected that the information gleaned at this deposition will lead to other depositions being taken.

7. That at the present time there is no pressing need for an immediate trial of this matter and the Defendant has no objection to an extension of time for ending of discovery for a period of ninety days.

8. Plaintiff therefore respectfully requests that the deadline for ending discovery be extended until June 30, 2008.

9. That in addition Defendant has requested, and Plaintiff has no objection:

a. that the Motion for Summary Judgment, which currently consists of two components: (1) the issue of the Motion for Summary Judgment based on the allegation that the claim against Amtrak was not previously listed as an asset in Plaintiff's Chapter 7 Bankruptcy Petition filed in 2005; and (2) the claim for Summary Judgment by the Defendant based on lack of notice of an allegedly dangerous condition on the train be bifurcated;

b. that the initial Motion concerning the allegation of failure to list the claim against Amtrak as an asset be heard first;

c. that the Motion for Summary Judgment in reference to notice be held in abeyance since if that Motion is granted, there will be no need to hear the second part of Defendant's Motion for Summary Judgment.

10. As indicated previously, Plaintiff does not have an objection to that request and, in fact, joins with the Defendant in a request to bifurcate the hearing on Defendant's Motion for Summary Judgment.

Plaintiff,
By her attorney,

Frederick A. Costello #2205
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886
Tel. 401-822-1800 x 6, Fax. 401-822-1879

**CERTIFICATION**

I hereby certify that on the 2cr day of March, 2008 I sent a true copy of within via regular mail to: Paul Dwyer, Esquire, Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, RI 02903-2499.