UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**ELIZABTH A. REIS**

**VS C.A. NO. 07-236S**

**NATIONAL PASSENGER RAILROAD CORPORATION**

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL FOR PHYSICAL EXAMINATION PURSUANT TO RULE 35**

Now comes the Plaintiff in the above captioned matter and files the following Objection and response to Defendant's Motion to Compel attendance in the City of Boston for a Rhode Island matter. The basis for this Objection is contained in the attached Memorandum.

Plaintiff,
By her attorney,

Frederick A. Costello #2205
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886
Tel. 401-822-1800 x 6, Fax. 401-822-1879

**CERTIFICATION**

I hereby certify that on the 15 day of April, 2008 I sent a true copy of within via regular mail to: Paul E. Dwyer, Jr., Esquire, Edwards Angell Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**ELIZABETH A. REIS**

**VS C. A. NO. 07-236S**

**NATIONAL PASSENGER RAILROAD CORPORATION**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION TO COMPEL**

Now comes the Plaintiff in the above captioned matter and files this Memorandum in support of her Objection to Defendant's Motion to Compel.

1. That this matter was filed in the Providence County Superior Court in June of 2007 against the Defendant.

2. That the incident that is the basis for this Complaint occurred in the City of Providence on an Amtrak Acela train on or about June 23, 2004.

3. That as a result of the injury, Plaintiff alleges she suffered a severe comminuted fracture of her right foot, a rotator cuff tear and resulting frozen shoulder. In addition, Plaintiff suffered an exacerbation of a pre-existing fibromyalgia condition and an injury to her cervical spine.

4. That as a result of her injuries, which are documented in numerous medical reports and bills already submitted to Defendant, Plaintiff is considered totally disabled, is currently receiving Social Security and is not employed.

5. That Defendant, of its own volition, removed this case from the Providence County Superior Court to the United States District Court for the District of Rhode Island and as a result the Rhode Island Rules of Civil Procedure still govern.

6. That Rule 35 of the Rhode Island Superior Court Rules of Civil Procedure is very similar to the Federal Rule. Defendant has, in fact, requested that Plaintiff be examined by an orthopedic surgeon who apparently resides in the City of Boston, Massachusetts.

7. That Plaintiff does not dispute Defendant's right to have her examined by a competent physician. Plaintiff does dispute Defendant's right to haphazardly select any doctor it wants, in any State it so chooses, forcing Plaintiff to travel over a hundred miles in one day so that Defendant can use its own cherry picked physician.

8. That Plaintiff has offered to be examined by any doctor chosen by Defendant in the State of Rhode Island. There are numerous orthopedic surgeons, neurosurgeons, rheumatologists or neurologists Defendant can choose from who are amply qualified in the State of Rhode Island and on the borders of Massachusetts. Also, if Defendant wants to use a doctor from Boston, Plaintiff could be examined at a mutually acceptable location in the State of Rhode Island or the borders of Massachusetts, if there is a concern about crossing State lines.

9. That the Defendant has stubbornly refused to do this and wants to force Plaintiff to make it a day long ordeal by having her travel well over one hundred miles when she has severe discomfort in her neck, foot and shoulder. Defendant suggests Plaintiff can pull off the road on Route 95 and walk around if she feels any discomfort. This suggestion is ridiculous.

10. That Defendant has produced video surveillance files showing Plaintiff attending church and moving a garbage can on rollers. Supposedly, this is evidence that she can sit in a car for three hours with no discomfort. Defendant also suggests that she is able to travel anywhere Defendant wants to send her for an examination, because one day a year ago during the summer she had the temerity to travel to Newport with a friend on the Providence to Newport ferry. Needless to say, the comparison is apples to oranges. Plaintiff would testify that when she is having a good day, which is not all that often, she wants to try and enjoy her life, such as taking a boat ride where she is not restricted to the back seat of a car, can get up, walk around, look at the shore, and sit down at her leisure with no pressing events occurring. Compare that with a day long trip to Boston in a strange vehicle with a person who will be obviously taking notes given her previous experience with the surreptitious video taping of her life by the Defendant then being brought to a doctor she has never met who will pick and prod her for an hour to reinforce his already articulated opinion that she is completely pain free with no physical limitations. Then, having to return to Rhode Island, a captive in the same automobile knowing she is being watched the whole time and to return to Rhode Island without the opportunity of seeing her own physician so the examinations can be compared due to the fact that there is no time left in the day.

11. That Plaintiff has submitted a note from her treating physician, Dr. Yul Ejnes, indicating that a trip of over one hundred miles is not appropriate for a person in her condition. That her most recent examination, on March 31, 2008, revealed a lack of rotation both flexion and extension in her neck due to palpable spasm and pain. In addition, Dr. Ejnes indicated because of her cervical pain and sleep deprivation, he believed that a day-long trip to Boston is not safe for her.

For these reasons, Plaintiff respectfully requests that Defendant's Motion to Compel her to travel to Boston for an examination be denied and that if Defendant wants her to be examined, that it be done in the City of Providence, the City of Warwick or Cranston with a doctor of its choice and with the opportunity for Plaintiff to be examined by the doctor of her choice so that there can be a comparison of the results from each examination. If Defendant's doctor cannot or will not travel to Rhode Island, that a

mutually acceptable location in Seekonk, Massachusetts be agreed on so that the travel time of Plaintiff is kept to a minimum.

Plaintiff,
By her attorney,

F A Costello

Frederick A. Costello #2205
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886
Tel. 401-822-1800 x 6, Fax. 401-822-1879

**CERTIFICATION**

I hereby certify that on the 1st day of April, 2008 I sent a true copy of within via regular mail to: Paul Dwyer, Esquire, Edwards Angell Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, RI 02903.

F A Costello