UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ELIZABETH REIS**

**VS CIVIL ACTION NO. 07-236S**

**NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 56, Plaintiff hereby responds to Defendant's Statement of Undisputed Facts in Support of its Motion for Summary Judgment.

**Undisputed Facts**
**the Incident**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. Plaintiff's testimony in her deposition indicated she went from one end of the car to the other end of the car. It was Defendant's attorney who suggested 20 to 25 feet. Plaintiff had no knowledge as to the length of an Acela train car. She has later learned cars are approximately 40 feet long.

10. Denied. Plaintiff indicated that she saw some luggage on the car. She could not remember where it was.

11. Denied. See response to number 10.

12. Denied. Plaintiff indicated she saw someone placing luggage in the luggage bin. She said she was not looking at the floor. (Reis Tr. at 63).

13. Denied. Plaintiff indicated she was not in the aisle after she fell. She had gone into the vestibule so she couldn't see anything in the aisle. It is misleading to say Plaintiff did not see any luggage in the aisle after she fell. The testimony of Mr. Radovich, through his report, was that a passenger, Nancy Brensson, identified her luggage as the luggage Ms. Reis tripped over. See incident report filed by conductor E. B. Radovich, June 23, 2004, Plaintiff's Exhibit 5, p. 2.

14. Denied. Plaintiff testified that it was a piece of luggage. (Reis Tr. at 68). The statement of Nancy Brensson in the incident report, Plaintiff's Exhibit 5, indicates that Ms. Reis' belief was confirmed by the comment of Brensson that Reis tripped on Brensson's luggage.

15. Admitted.

16. Denied. In addition to the fact that the woman saying she was sorry as stated in response to Defendant's assertions in numbers 12 and 13, the woman admitted to conductor Radovich that Ms. Reis tripped on her luggage.

17. Admitted.

18. Admitted.

19. Denied. The language used in paragraph 19 is not the langue the conductor used. He stated: lady, what are you going to do – are you going to stay or get off? We have to get this train moving. The implication was this is an implied threat that she had to leave the train or they were going to put her off the train even though she was injured. (Reis Tr. at 82).

20. Admitted.

21. Denied. At page 82, line 14, of the Reis transcript, Plaintiff said – they threw her things on the platform and dragged her off the train.

22. Denied. Plaintiff kept telling them she could not move. She might not have wanted to remain on the train; she told them she could not move from the train. She stated they never should have moved an injured person. (Reis Tr. at 83).

23. Denied. The record indicates that the train waited six minutes before it left the station. Plaintiff's testimony was that she was standing, leaning on the security guard's shoulder for ten minutes. (Reis Tr. at 86).

24. Denied. Defendant has transposed Plaintiff's statement. Plaintiff in her deposition stated she could not get down to the ground; in addition, she was wearing a dress. It is a misleading statement and is denied in its context as written.

25. Admitted.

**Plaintiff's Legal Claims Relating to the Incident**

26. Denied. Plaintiff indicated that it was her impression that she was calling to make a complaint about her treatment. The issue of a claim was in the form of a question from Mr. Dwyer. Page 49 is more accurate. It was her understanding that if she had a complaint, she should call and complain. There was no automatic indication that she was going to make a claim from this call. She has never mentioned anything about making a legal claim. In fact, all Ms. O'Neil indicated was that she needed to speak with Mr. Starr. On page 51 of Ms. Reis' transcript, she states there was nothing more about making a claim at that point when she spoke with Mr. Starr.

27. Denied. There was never any time that Plaintiff made any comment or statement where she was making a claim against Amtrak through Mr. Starr. The issue on page 49 was about making a claim was a question put forth again by Mr. Dwyer as previously mentioned, in reference to a discussion with Ms. O'Neil.

28. Admitted.

29. Denied. This was not a demand letter. It was a request for information concerning investigations done relative to Plaintiff's June 23rd injury and a copy of her recorded statement, which she had a right to receive.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied. Plaintiff did list her workers' compensation claim and identified it as the fall on June 23, 2004 on the Acela train. At that point in time Plaintiff did not need to make a claim against Amtrak and, in fact, according to her conferences with Mr. Jacquard, she did not believe she had a claim against Amtrak.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

**<u>Plaintiff's treatment since the date of the incident.</u>**

41. Admitted.

42. Admitted.

43. Denied. Plaintiff has testified that her treating physicians, including Dr. Palumbo, stated that moving her after she was injured exacerbated her foot problem.

Plaintiff Elizabeth Reis,
By her attorney,

<u>/s/ Frederick A. Costello</u>
Frederick A. Costello #2205
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886
Tel. 401-822-1800 x 6, Fax. 401-822-1879

**<u>CERTIFICATION</u>**

I hereby certify that on the _______ day of __________, 2008 I sent a true copy of within via regular mail to: Paul E. Dwyer, Jr., Esquire, Andrew J. Murray, Esquire, Edwards Angell Palmer & Dodge, LLP, 2800 Financial Plaza, Providence, RI 02903-2499.

<u>/s/ Frederick A. Costello</u>