UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**REPLY MEMORANDUM**
**IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Amtrak") submits this reply to Plaintiff's Objection to Defendant's Motion for Summary Judgment. As shown below, Plaintiff's opposition ignores First Circuit precedent and, through Plaintiff's affidavit, impermissibly contradicts her sworn deposition testimony in an attempt to create the appearance of a relevant factual dispute where there is none. As a consequence, Plaintiff is estopped from asserting the instant claims and Amtrak's motion for summary judgment should be granted.

## I. AMTRAK IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF HAS FAILED TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT

In her objection to Defendant's Motion for Summary Judgment, Plaintiff attempts to create factual issues relating to whether she intentionally omitted her tort claim against Amtrak from her bankruptcy petition and whether she was aware that she had a potential legal claim against Amtrak at the time she filed for bankruptcy.

Plaintiff first attempts to create issues of material fact by submitting an affidavit in support of her opposition to defendant's motion for summary judgment which contradicts her

previous deposition testimony regarding her knowledge of the existence of a potential claim against Amtrak. See Reis Affidavit at ¶¶ 20, 24, 28. This unequivocally is not permitted.

Plaintiff testified at her deposition that she understood that when she contacted Amtrak after her fall that she was contacting the claims department as a first step to making a claim:

> Q: And you understood you were calling the Amtrak claims department?
>
> A: Yes.
>
> Q: And this was your first step to telling your side of the story to make a claim, correct?
>
> A: That is correct.
>
> * * *
>
> Q: Was there ever any discussion of the payment of money by Mr. Starr, by Amtrak on the part of Mr. Starr or the execution of a release by you regarding your claim?
>
> A: No. The word "release," I don't believe, ever came into the conversation. I think I remember Mr. Starr saying something like "we pay" - - he said something, something and then "we pay - - we would then pay worker's comp back."
>
> Q: Okay?
>
> A: Something like that.
>
> Q: So at this point there was nothing more to this conversation with Mr. Starr that you were beginning the process of making a legal claim against Amtrak?
>
> A: Correct.

See Exhibit B to *Amtrak's Statement of Undisputed Facts* at pp. 49, 51-52.

Now, in her affidavit, Plaintiff states that she did not believe at the time she filed her bankruptcy petition that she was making a claim against Amtrak and that her discussions with Attorney Jacquard led her to believe that there was no claim to be made. *See Affidavit of*

*Elizabeth Reis in Opposition to Defendant's Motion for Summary Judgment* at ¶ 20. Plaintiff also states that she "just never gave any thought to making a claim" and that it was her current attorney who, in May 2007, "suggested that [she] might have a claim against Amtrak." See id. at ¶¶ 24, 28. Plaintiff's affidavit violates First Circuit precedent as it directly contradicts her sworn deposition testimony.

The First Circuit has held on numerous occasions that a party cannot create a genuine issue of material fact to defeat summary judgment by submitting an affidavit which contradicts her own previous deposition testimony. Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001) (holding that the First Circuit has "refused to allow issues of fact to be created simply by submitting a subsequent contradictory affidavit"); see also Bard v. Mark Steven CVS, Inc., 378 F. Supp. 2d 33, 39 (D.R.I. 2005). Here, Plaintiff's affidavit is no more than an attempt to rehabilitate responses to deposition questions she now realizes have a negative impact on her claims, most importantly with regard to when she knew that she had a potential claim against Amtrak. As such, Plaintiff's affidavit should be disregarded to the extent that it contradicts her previous deposition testimony and does not create an issue as to a fact material to the litigation.

Regardless, it is well settled in the First Circuit that the law of judicial estoppel, especially with reference to a debtor who fails to schedule an interest in a valid suit in his or her bankruptcy petition, does not require a showing of intent to defraud the court. The First Circuit has explained that, "in broad outline the doctrine [of judicial estoppel] precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).

First Circuit courts are bound by the principles annunciated in Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir.), cert. denied, 510

U.S. 931 (1993) when applying the doctrine of judicial estoppel in this context. In Payless, the plaintiff filed for bankruptcy, obtained a discharge of its debts, and then filed a lawsuit seeking damages for defendant's wrongful business practices which allegedly caused its bankruptcy. Noting that the plaintiff had not even vaguely referred to its claims against defendant in any of its bankruptcy filings, and that "a cursory examination of the claims shows that [the] defendants should have figured in both aspects of the [bankruptcy proceedings], and that the [plaintiff] could not have thought otherwise," the First Circuit applied the doctrine of judicial estoppel to bar the plaintiff's claims:

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in Payless's present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively... Payless, having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis. This may not be strictly equitable estoppel, as the court observed. Indeed, defendants may have a windfall. However, it is an unacceptable abuse of judicial proceedings.

Id. (internal citations omitted).

The First Circuit consistently has held that only two specific conditions must be met for a court to apply the doctrine of judicial estoppel. First, "the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004) (citing Faigin v. Kelly, 184 F.3d 67, 82 (1st Cir. 1999)). Second, "the responsible party must have succeeded in persuading a court to accept its prior position." Id. (citing Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 13 (1st Cir. 1999)). In the First Circuit, the doctrine of judicial estoppel is applied to protect the

integrity of the judicial process regardless of whether the defendant can make a showing of deliberate dishonesty on the part of the plaintiff. See Payless, 989 F.2d 570.

These two requirements, neither of which requires a showing of intent to defraud, are easily met here. First, it is undisputed that Plaintiff took the position in the bankruptcy court that she had no contingent claims of any kind as of April 18, 2005. This position is directly inconsistent with her assertion before this Court that she has multiple claims against Amtrak. Second, the bankruptcy court clearly accepted this representation in resolving her bankruptcy petition, thus depriving her creditors of access to a claim Plaintiff believes would be substantial were she to prevail.

For example, in Howell v. Leyden, 335 F. Supp. 2d 248 (D. Mass. 2004), the United States District Court for the District of Massachusetts found that, although the plaintiffs submitted an affidavit swearing that they did not understand that the bankruptcy petition required that they disclose their potential civil rights and tort claims against the defendants when they first filed for bankruptcy or when they amended their bankruptcy petition after they had filed their lawsuit, the prerequisites of judicial estoppel clearly were met and summary judgment was warranted:

> [F]irst, the Howells represented to the Florida bankruptcy court that they had no claims among their assets – a position contrary to their assertion before this court that they have multiple claims against the defendants – and second, the bankruptcy court accepted the Howells' representation in resolving their bankruptcy petition and depriving their creditors of access to this substantial potential asset. Were the court to allow the Howells to proceed with this lawsuit, the integrity of the judicial process would be endangered.

Even though the defendants provided no specific proof that the Howells intended to defraud the court and it gave the court "no pleasure to dismiss a case involving allegations of such gross violations…[the court was] constrained to protect the integrity of the judicial process where

permitting the plaintiffs to pursue their action would result in inconsistent determinations based on the plaintiffs' deliberate adoption of opposing legal positions." Id. at 252. Specific proof of Plaintiff's intent to defraud the court simply is not required.

The mere fact that Plaintiff represented to the bankruptcy court that she had no claims among her assets – a claim entirely contradictory to her claim before this Court – and that the bankruptcy court accepted her representation in resolving her no-asset bankruptcy petition, thus depriving her creditors of access to an asset she now believes is substantial, is proof enough to warrant the exercise of judicial estoppel.

The First Circuit recognizes, in certain limited circumstances, a good-faith exception to the operation of judicial estoppel if the responsible party can show that the new, inconsistent position is the product of information neither known nor readily available to it at the time that the initial position was taken. Alternative Sys. Concepts, 374 F.3d at 35. Plaintiff, however, cannot credibly rebut the application of judicial estoppel on the grounds that she was not aware of her claim at the time she filed for bankruptcy.

Welsh v. Quabbin Timber, Inc., 199 B.R. 224 (D. Mass. 1996), is instructive on this issue. In Welsh, a former bankruptcy debtor brought suit to recover from his bank for tortious interference with his business relationship, based on facts that debtor knew of prior to his having filed his bankruptcy petition. The United States District Court for the District of Massachusetts applied the principles outlined in Hoffman v. First National Bank of Akron, Iowa, 99 B.R. 929 (N.D. Iowa 1989) in support of its holding. In Hoffman, the debtor argued that judicial estoppel should not be applied because he was not aware of his claim as of the date of his bankruptcy filing. The Hoffman court rejected this assertion because the proffered excuse was

> not a valid reason to fail to disclose the claim. The [d]ebtor knew all of the facts that were pertinent to its current lawsuit when it

> filed bankruptcy. No new information was acquired post-filing other than counsel's purported discovery of a legal basis for the lawsuit. The facts underlying the cause of action were known to the Debtor long before the plan was confirmed...Debtor had a duty to amend his schedules to reflect this claim and to disclose the existence of the potential cause of action to creditors in his plan and disclosure statement.

Id. at 933 (emphasis added). The court applied this logic in Welsh, and concluded that judicial estoppel applied to prevent the debtor from advancing his claim against the bank.

Here, Plaintiff was aware of the facts forming the basis of her personal injury claim at the time she filed her bankruptcy petition and acquired no new information between that date and the date she filed the instant complaint. By way of her affidavit and the affidavit of Attorney Jacquard, Plaintiff claims that she was unaware that she had a potential claim against Amtrak until May 2007, when her current attorney informed her that she might have a claim against Amtrak. The assertions included in these affidavits, which contradict Plaintiff's sworn deposition testimony, however, fail to invoke the good-faith exception as they do not evidence any new information regarding Plaintiff's complaint.

Because the First Circuit's the elements of judicial estoppel are met, the application of judicial estoppel is warranted and Amtrak should be awarded summary judgment.

## CONCLUSION

For the foregoing reasons, Amtrak's motion for summary judgment should be granted.

DEFENDANT,
NATIONAL RAILROAD
PASSENGER CORPORATION,

/s/ Paul E. Dwyer, Jr.

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2008, I served a copy of the within document by causing a copy to be sent via Electronic Mail to the below named counsel:

TO: Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

/s/ Paul E. Dwyer, Jr.