UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF AND ATTORNEY FARLEY TO PRODUCE A PRIVILEGE LOG(S) ADDRESSING DOCUMENTS REQUESTED BY A RULE 45 SUBPOENA**

## I. INTRODUCTION

Now comes the Defendant, National Passenger Railroad Corporation a/k/a National Railroad Passenger Corporation (hereinafter "Amtrak" or "Defendant") and hereby submits this Memorandum of Law in support of Defendant's Motion to Compel Plaintiff and Attorney Farley to produce a privilege log(s) identifying, and describing with sufficient particularity, those documents Plaintiff and Attorney Farley contend are privileged and thereby protected from being disclosed in response to that subpoena served upon Attorney Farley on April 29, 2008. (See Exhibit F as attached to Defendant's Emergency Motion to Compel). The Court is respectfully referred to Defendant's Emergency Motion to Compel Compliance with a Subpoena Duces Tecum for the facts and procedural history of this matter.

## II. ARGUMENT

Rule 45(d)(2) of the Federal Rules of Civil Procedure provides:

> **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
> **(i)** expressly make the claim; and
>
> **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Precedent set forth by the First Circuit Court of Appeals and other courts provides that when a person or entity is served with a Rule 45 subpoena and contends the attorney client privilege and/or the work product doctrine protects some or all of the information requested from disclosure, the objecting person or entity must expressly claim the privilege and provide a privilege log or waive the underlying claim of privilege. In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) (J. Selya) ("The operative language is mandatory and, although the rule does not spell out the sufficiency requirement in detail, courts consistently have held that the rule requires a party resisting disclosure to produce a document index or privilege log"); see also Bregman v. Dist. of Columbia, 182 F.R.D. 352, 363 (D.D.C.1998); First American Corp. v. Al-Nahyan, 2 F.Supp.2d 58, 63 n. 5 (D.D.C.1998); Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C.1999) (describing privilege logs as "the universally accepted means" of asserting privilege claims in the federal courts); Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed.Cir.1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege); Smith v. Conway Org., Inc., 154 F.R.D. 73, 76 (S.D.N.Y.1994) (holding that the specify or

waive rule applies equally to the work-product privilege and the attorney-client privilege). Plaintiff and Attorney Farley must produce a privilege log or the privileges are waived.[1]

In the bankruptcy setting, advice regarding preparation of a bankruptcy petition, as distinguished from gathering facts to identify assets and liabilities, are confidential communications subject to the attorney client privilege. United States v. Bauer, 132 F.3d 504, 508-509 (9th Cir. 1997) ("The mere fact that Rivera might tell all of his clients to disclose all of their assets and avoid lying on their bankruptcy petitions does not alter the *advisory* nature of the counsel given in completing that process" ... "No reasonable interpretation of Rivera's communications with Bauer regarding the legal obligations involved in filing a bankruptcy petition would characterize them as anything other than legal advice"); In re Stoutamire, 201 B.R. 592, 597 (Bkrtcy S.D.Ga. 1996) ("While the responses elicited from that questionnaire will be used to prepare the schedules, all of the information contained therein may or may not ultimately be disclosed publicly in such schedules. The legal decision regarding whether or not certain information obtained in the intake interview should be included in the schedules and the conversations that occurred in gathering that information are necessarily protected").

Bankruptcy counsel's evaluation and communications regarding whether a claim against Amtrak existed is clearly a protected communication. The disclosure of such confidential communications in the affidavit of Attorney Jacquard waives the attorney client privilege as to the subject matter that is this personal injury claim. (See Exhibit D at ¶¶ 4-6 as attached to Defendant's Emergency Motion to Compel). Similarly, Plaintiff's disclosures regarding her

[1] If any person aware of a subpoena claims privilege over the documents or materials subject to the subpoena, that person must assert the privilege and produce a privilege log, even if that person was not served with the subpoena. In re Grand Jury Subpoena, 274 F.3d at 568-569 (subpoena served upon corporation which had waived the privilege but claimed by executives and attorneys not served with the subpoena).

conversations with her present attorney, Attorney Costello, waive the privilege regarding the personal injury claim. (See Exhibit A at ¶ 24 as attached to Defendant's Emergency Motion to Compel). State v. Von Bulow, 475 A.2d 995 (1994) and United States v. Desir, 273 F.3d 39 (1st Cir. 2001).

As the deposition subpoena clearly seeks testimony and documents of a privileged nature, which Defendant claims has been waived, Plaintiff and Attorney Farley are obligated to produce a privilege log identifying those items claimed to be privileged.

For these reasons, Defendant respectfully requests that its Motion be granted

NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,

By Its Attorneys,

/s/ Paul E. Dwyer, Jr.

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2008 a copy of the foregoing Memorandum of Law in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886
fac15@aol.com

/s/ Paul E. Dwyer, Jr.

The undersigned hereby certifies that on May 8, 2008, I have sent, via first-class mail and facsimile, a true and accurate copy of within Memorandum of Law to the following counsel of record:

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

/s/ Paul E. Dwyer, Jr.