UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

ELIZABETH A. REIS
Plaintiff

VS. Civil Action No.: 07-236S

NATIONAL PASSENGER RAIL-
ROAD CORPORATION, NK/ A
NATIONAL RAILROAD
PASSENGER CORPORATION
Defendant

**MEMORANDUM IN SUPPORT OF MOTION TO OUASH**

Rule 45 (3) (A) (iii) of the Federal Rules of Civil Procedure permits an attorney whose files and / or testimony is sought to appropriately raise the attorney-client privilege and file such a motion. Furthermore, the subpoena requests certain testimonial items and exhibits that would be a violation of the Fifth Amendment privilege of the Plaintiff herein. In defendant's Motion to Compel, the Defendant places heavy emphasis on the fact that Attorney Robert B. Jacquard prepared an Affidavit in Support of an Objection for a Motion for Entry of Summary Judgment. The Defendant's primary legal argument in its Summary Judgment that there is judicial estoppel as a result of Plaintiff's failure to name Defendant as a creditor on the appropriate schedules in the bankruptcy filing. Attorney Michael J. Farley had no connection whatsoever to the bankruptcy filing. Therefore, Attorney Jacquard's waiver of attorney-client privilege would have no impact whatsoever on Attorney Michael Farley.

The December 1, 2004 letter from Attorney Farley to the Defendant's representatives is in the possession of the Defendant. Defendant's representatives are available to testify as to the subject matter of those conversations should Attorney Farley's

raising of the attorney-client privilege and/or the Fifth Amendment be sustained by this Court the testimony of those representatives would be unrebutted and presumably completely in favor of the Defendant.

The Defendant relies heavily on State v. Claus von Bulow 475 A2d 995 (RI 1984) case. However, Attorney Farley's testimony and legal file are more akin to the black bag in the von Bulow case then the private investigator's notes and other work product. Attorney Farley was only the attorney from August 12,2004 - October 31,2005 and has not represented the Plaintiff subsequently. The worker's compensation insurance carrier obviously has a statutory lien on this third-party action so there would be no counter balancing reason for Attorney Farley's file or testimony to be permitted in this case in that even beyond the attorney-client privilege and the Fifth Amendment his testimony would not even be relevant.

The privilege log has been prepared by Attorney Michael J. Farley but is not being produced at this time. Your movant awaits the ruling of this Court as to whether the privilege log itself has to be produced. The privilege log document itself constitutes something between the "key to the kingdom" and "giving away the store". Attorney Farley shall be in the State of California until May 28,2008 and is Court excused for that period. Attorney for the movant actually possesses the privilege log in his file and is awaiting this Court's decision.

For all the above reasons the movant respectfully requests this Honorable Court to his Motion to Quash.

Respectfully submitted,
Michael J. Farley, Esquire,
By his Attorney,

/s/ S. Paul Ryan
S.PaulRyan,Esq.(#2264)
670 Willett Avenue
East Providence, RI 02903
(401) 437-0660
(401) 433-1605 (Fax)
spryan@eplaw.necoxmail.com

CERTIFICATION

I hereby certify that on the 16th day of May, 2008, a copy of the within was sent electronically to:

Paul E. Dwyer, Jr., Esq.
Andrew J. Murray, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Frederick A. Costello, Esq.
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

/s/ ~S. Paul Ryan