UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**DEFENDANT, NATIONAL PASSENGER RAILROAD CORPORATION'S, MEMORANDUM OF LAW IN OPPOSITION TO ATTORNEY FARLEY'S MOTION TO QUASH**

Now comes the Defendant, National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Defendant"), and hereby files this Memorandum of Law in support of its Objection to the Motion of Michael J. Farley, Esq. to Quash a Subpoena Duces Tecum. In addition to the points set forth below, Defendant respectfully refers the Court to Defendant's Memorandum of Law in Support of Defendant's Emergency Motion to Compel Compliance with a Subpoena Duces Tecum as filed on May 5, 2008 and Defendant's Memorandum of Law in Support of Defendant's Objection to Plaintiff's Motion for a Protective Order as filed on May 19, 2008 and incorporates the arguments set forth therein in support of this Objection and Memorandum.

Attorney Farley contends that the subpoena issued on April 28, 2008 and served on April 9, 2008, attached hereto as Exhibit A, "violates both the attorney-client privilege and the Fifth Amendment of the United States Constitution regarding self-incrimination." See Attorney Farley's Motion to Quash and Memorandum of Law as filed on May 16, 2008. Attorney Farley does not, however, set forth any valid legal basis for the Motion or the claim that the subpoena

violates either privilege. The fact that Attorney Farley was not involved in Plaintiff's bankruptcy proceeding is of no consequence. Likewise, the existence of the lien cited by Attorney Farley is of no relevance with regard to the issue of attorney-client privilege. The only items relevant to the waiver issue are the affidavits submitted by Plaintiff, the content of the affidavits, and the subsequent deposition testimony of Attorney Jacquard. In conjunction, the items referenced above amount to a waiver of the attorney client privilege as it relates to the subject matter of this personal injury claim.

Without reciting the arguments set forth in the additional memoranda filed with the Court, Defendant respectfully refers the Court to the memoranda submitted on Defendant's behalf and urges the Court to deny Attorney Farley's Motion to Quash.

NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,

By Its Attorneys,

/s/ Paul E. Dwyer, Jr.
Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2008 a copy of the foregoing Memorandum of Law in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886
fac15@aol.com

/s/ Paul E. Dwyer, Jr.

The undersigned hereby certifies that on May 19, 2008, I have sent, via first-class mail and facsimile, a true and accurate copy of within Memorandum of Law to the following counsel of record:

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

/s/ Paul E. Dwyer, Jr.