UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS,<br>Plaintiff,<br><br>vs.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,<br>Defendant. | : | Civil Action No. 07-236S |

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION OF THE DEFENDANT, NATIONAL PASSENGER RAILROAD CORPORATION, TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

Now comes the Defendant, National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Defendant"), and hereby submits this Memorandum of Law in support of Defendant's Objection to Plaintiff's Motion For a Protective Order. In addition to the arguments set forth below, Defendant respectfully refers the Court to Defendant's Memorandum of Law in Support of Defendant's Emergency Motion to Compel Compliance with a Subpoena Duces Tecum as filed on May 5, 2008 and incorporates the arguments set forth therein in support of this Objection and Memorandum.

At this point in the litigation, Plaintiff, Elizabeth Reis, is attempting to avoid an award of Summary Judgment to the Defendant pursuant to the doctrine of judicial estoppel. Recognizing that she failed to list this personal injury claim in her Bankruptcy Petition, Plaintiff now tries to explain the reasons and rationale for not listing this claim in the Bankruptcy Petition to escape the ramifications of her own actions. As the Court is now aware, Plaintiff has submitted two (2) affidavits detailing conversations between (1) Plaintiff and Attorney Robert Jacquard, her bankruptcy attorney, and (2) Plaintiff and Attorney Costello, Plaintiff's current attorney in this

personal injury case. Included within the affidavits appended to Defendant's Emergency Motion to Compel is information regarding this personal injury claim that would otherwise fall within the attorney-client privilege and be protected from disclosure. The contents of the affidavits waive the attorney client privilege, not only as to the communications between Attorney Jacquard and Plaintiff, as Plaintiff contends, but as to the subject matter of this personal injury claim. State v. von Bulow, 474 A.2d 995, 1007 (R.I. 1984); United States v. Desir, 273 F.3d 39, 45 (1st Cir. 2001).

In support of her Motion for a Protective Order, Plaintiff contends that Defendant should be precluded from reviewing the file of Attorney Michael Farley and from taking the deposition of Attorney Farley as related to this personal injury claim.[1] In support of this contention, Plaintiff recognizes that she has waived the attorney client privilege with respect to Attorney Jacquard but seeks to protect her communications with Attorney Farley and the contents of his file regarding this personal injury action. In doing so, Plaintiff fails to recognize that her actions in submitting the affidavits referenced herein, waive the privilege as to the *subject matter* of the personal injury claim no matter the attorney involved in the communication. Plaintiff is at once attempting to use the privilege as a sword to defeat Defendant's Motion for Summary Judgment while maintaining a shield over the remainder of communications which may prove fatal to her claim. Fundamental fairness dictates that the remainder of the communications regarding this subject matter be disclosed. In re: von Bulow, 828 F.2d 94, 102 (2nd Cir. 1987) (citing McCormick On Evidence § 93, at 194-95 (2d ed. 1972) ("From that has grown the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder")). "It has accordingly become established that if a party 'injects advice of counsel'

[1] Attorney Michael Farley has submitted a Motion to Quash the April 28, 2008 subpoena issued by the Defendant and served upon him on April 29, 2008. Defendant responds to Attorney Farley's Motion in a separate filing.

as an essential element of a claim or defense, then the party waives the privilege as to all advice received concerning the same subject matter." McCormick On Evidence § 93 at 420-421 (6th ed. 2006).

Moreover, the deposition of Attorney Jacquard, which took place on May 6, 2008, goes further in accomplishing a waiver of the attorney-client privilege as to the subject matter of Plaintiff's personal injury claim. See Exhibit A. Attorney Jacquard testified as to his recollection of conversations with the Plaintiff during the preparation of the Bankruptcy Petition, the facts Plaintiff told him regarding the injury, the facts that were not disclosed and the advice he provided during the bankruptcy process. Id. at 17-18, 20-23, 28-29, 32-33. While Attorney Jacquard did serve only as Plaintiff's bankruptcy attorney, his affidavit and subsequent testimony, in conjunction with Plaintiff's affidavit, undoubtedly waive the attorney-client privilege with respect to this claim.

While Plaintiff contends that the principle of "implied waiver" should not be applied "cavalierly," a finding of waiver by implication in this matter is supported by the evidence, facts, and pleadings filed by the Plaintiff. See Plaintiff's Memorandum in Support of Motion for a Protective Order at 10. Additionally, Plaintiff's reliance on In re: von Bulow to support the proposition that a waiver as to Attorney Jacquard does not result in a waiver as to Plaintiff's other attorneys misses the mark.[2] In fact, in In re von Bulow, the Second Circuit stated that a waiver of the attorney-client privilege did not sweep across attorneys only because the Court concluded that the publication of a book, *Reversal of Fortune*, did not result in a sweeping

---

[2] Plaintiff's reliance on the recommendations of the Advisory Committee on Evidence Rules is equally unpersuasive. In fact, point one (1) of the basic principles discussed by the Committee states that waiver should be found where a further disclosure "ought in fairness" be required. Here, Plaintiff is attempting to defeat Defendant's Motion but seeks to preclude Defendant from exploring other items, which may assist the defense. Consequently, further disclosure "ought in fairness" be required. See Plaintiff's Exhibit 6 at 3, ¶ 1.

subject matter waiver. 828 F.2d 94, 104. By implication, this also supports the proposition that had the Court concluded the publication of *Reversal of Fortune* and the text thereof had constituted a waiver, the waiver would have extended across all attorneys.

To rule otherwise and preclude the deposition of Attorney Farley along with a production of his file as requested by the April 28, 2008 subpoena will undermine the principles applied by the courts in prior cases where a litigant has "impliedly waived" privilege. See von Bulow, 474 A.2d at 1007; Desir, 273 F.3d at 45. Such a result will also allow Plaintiff to selectively utilize certain privileged communications, or portions thereof, to benefit her case without disclosing the remainder. As the courts have stated, a litigant, should not be permitted to use the disclosures as a sword and a shield. Von Bulow, 475 A.2d at 1007.

For the reasons set forth above and in Defendant's Memorandum in Support of its Emergency Motion to Compel, Defendant requests that Plaintiff's Motion for a Protective Order be denied.

NATIONAL PASSENGER RAILROAD
CORPORATION, A/K/A NATIONAL
RAILROAD PASSENGER
CORPORATION,

By Its Attorneys,

/s/ Paul E. Dwyer, Jr.
Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2008 a copy of the foregoing Memorandum of Law in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886
fac15@aol.com

/s/ Paul E. Dwyer, Jr.

The undersigned hereby certifies that on May 19, 2008, I have sent, via first-class mail and facsimile, a true and accurate copy of within Memorandum of Law to the following counsel of record:

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

/s/ Paul E. Dwyer, Jr.