UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS,<br>Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,<br>Defendant. | : | |

**DEFENDANT, NATIONAL PASSENGER RAILROAD CORPORATION'S, MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S APPEAL OF THE COURT'S MAY 27, 2008 ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

## I. INTRODUCTION

Now comes the Defendant, National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Defendant"), in accordance with Rule 72(c)(3) and hereby files this Memorandum of Law in support of Defendant's Response to Plaintiff's Appeal of the Court's May 27, 2008 Memorandum and Order granting Defendant's Emergency Motion to Compel Compliance with a Subpoena Duces Tecum. Via this Appeal, Plaintiff seeks to have this Court reverse the Order issued by The Honorable Magistrate Judge Martin and holding that Plaintiff impliedly waived the attorney-client privilege with respect to her communications with Attorney Michael Farley regarding the subject matter that is the personal injury claim at issue in this litigation. As is demonstrated below, and as was demonstrated in Defendant's earlier filings in support of its Emergency Motion, the law is clear – Plaintiff's deliberate and intentional actions in disclosing certain communications related to her personal injury claim impliedly waived the attorney client privilege with respect to all communications concerning the subject

matter of this claim.

As the law relied upon by Magistrate Martin in rendering his decision undoubtedly leads to the conclusion that Plaintiff impliedly waived the privilege, Plaintiff cannot sustain her burden on appeal and cannot demonstrate that the Court's decision was "clearly erroneous" or "contrary to law." For these reasons, Defendant requests that Plaintiff's Appeal be denied.

## II. STANDARD OF REVIEW

"The standard that guides a district court's review of a magistrate judge's determinations turns on whether those determinations involved a dispositive or non-dispositive motion." Harvard Pilgrim Health Care of New England v. Thompson, 318 F.Supp.2d 1, 6 (D.R.I. 2004); See 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72 ; Local Rule 32(b)(2),(c)(2). "A non-dispositive motion addresses a pre-trial matter while leaving a party's claim or defense intact and is reviewed by a district court under the 'clearly erroneous' standard." Id. (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a); United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir.1980))).

"A district court should defer to a magistrate judge's order on a non-dispositive pre-trial matter unless the order 'is clearly erroneous or contrary to law.'"[1] Id. (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Pro. 72(a); Raddatz, 447 U.S. at 673, 100 S.Ct. 2406; Park Motor Mart, 616 F.2d at 604)). "A determination is 'clearly erroneous' when, although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake." Id. (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). "In conducting this review, the district court must refrain from second guessing the magistrate judge's pre-trial discovery

[1] The concluding sentence of Rule 72(a) of the Federal Rules of Civil Procedure provides that only those orders, or parts of orders, which are "found to be clearly erroneous or contrary to law" may be modified or set aside. Fed. R. Civ. P. 72(a).

rulings." Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Mach. Co., No. 85-0586, 1986 WL 9717, at *1 (D.R.I. Feb.19, 1986).

## III. ARGUMENT

As discussed above, Plaintiff must prove to this Court that the May 27, 2008 Memorandum and Order granting Defendant's Emergency Motion to Compel was clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Plaintiff has not and cannot meet this burden, however, as the Court's findings and conclusion are supported by the facts and evidence, the case law from this and other jurisdictions, and principles of fundamental fairness.

While Plaintiff attempts to characterize Defendant's subpoena and deposition notice as broad and overreaching, the subpoena and deposition notice seek only that information to which Defendant is entitled – i.e. testimony and documents "... reflecting communications with Elizabeth Reis or any co-counsel related to a claim or potential claim, against Amtrak arising out of a June 23, 2004 incident ..." See Exhibit E as attached to Defendant's Emergency Motion to Compel. Thus, the subpoena is limited to requesting that information that is the subject of this personal injury claim but would otherwise be subject to the attorney-client privilege. This is the exact information to which Defendant is entitled in accordance with the case law. See State v. von Bulow, 475 A.2d 995, 1007 (R.I. 1984); United States v. Desir, 273 F.3d 39, 45 (1st Cir. 2001) (citing 3 Weinstein's Federal Evidence 503.41 (Joseph M. McLaughlin, ed., 2d ed. 1997) (In instances in which a litigant takes a position that makes it unfair to protect attorney-client communications, "such as when a client testifies about portions of such communications or a client relies on an attorney's advice as an element of a claim or defense," the courts have held that the privilege has been waived by implication)).

At this point in this litigation, Plaintiff is attempting to defeat Defendant's Motion for Summary Judgment by raising factual defenses asserting that Plaintiff had no knowledge of a potential personal injury claim at the time the bankruptcy petition was filed. While Defendant believes these defenses are legally insufficient to defeat the Motion, the fact that the defenses have been raised requires Defendant to conduct discovery regarding these issues so that Defendant can appropriately support its Motion and refute the recently raised defenses to the Motion.

Because the Plaintiff has now raised these factual defenses, but has only divulged certain confidential communications in support of the defenses, fundamental fairness requires that Defendant be allowed to conduct discovery and inquire into the remainder of the communications addressed in the April 29, 2008 subpoena and involving Attorney Farley. See In re: von Bulow, 828 F.2d 94, 102 (2nd Cir. 1987) (citing McCormick On Evidence § 93, at 194-95 (2d ed. 1972) ("From that has grown the rule that testimony as to part of a privileged communication, in fairness, requires production of the remainder")). In fact, the doctrine of implied waiver as discussed in von Bulow, Desir, and other cases is intended to address scenarios such as that presented in this matter in which Plaintiff is attempting to selectively utilize certain confidential communications to defeat the Motion while withholding others. For example, Plaintiff has waived the privilege in its entirety with respect to Attorney Jacquard. Plaintiff has also divulged the contents of privileged communications she had with Attorney Costello regarding the existence of a claim and the need to file the claim before the statute of limitations expired. See Exhibit A at ¶¶ 23-24 as attached to Defendant's Emergency Motion to Compel.

Despite making the aforementioned disclosures, Plaintiff now seeks to withhold those communications involving this personal injury claim and Attorney Farley and urges the Court to interpret Desir to mean that an implied waiver can be found in only the most unusual of situations. While Desir does contain cautionary language regarding waiver of the privilege, the case also stands for the proposition that the analysis of a claim of implied waiver "is fact intensive" and should be determined on a "case by case" basis. 274 F.3d at 44. This is exactly the analysis Magistrate Martin performed before granting Defendant's Motion. As is demonstrated in the Court's Memorandum and Order, Magistrate Martin reviewed and discussed, in great detail, the nature of the communications at issue, the content of the communications, and the case law applying the implied waiver theory in similar cases.

Plaintiff's efforts with respect to the communications involving Attorney Farley amount to nothing more than an attempt to utilize the attorney client privilege as both a sword and a shield in this litigation. Such an effort must not be allowed to prevail. State v. von Bulow, 474 A.2d at 1007. Moreover, Plaintiff's arguments asserting that a waiver of the privilege occurred with regard to the bankruptcy but not the personal injury claim is without merit. Once Plaintiff voluntarily submitted her affidavit and the affidavit of Attorney Jacquard, the privilege was waived as to the personal injury claim. The fact that Attorney Jacquard represented Plaintiff for purposes of her bankruptcy, and not her personal injury claim, is inconsequential as the critical factor in the analysis is the subject matter of the communications no matter the identity of the attorney involved in the communications. The privilege belongs to the plaintiff, not her individual attorneys, and she waived it as to the subject matter of this personal injury claim.

Quite simply, Plaintiff chose to defend against the Motion by injecting the advice of her counsel and other confidential communications into this litigation. Now she cannot withhold

those communications, which, in Plaintiff's view, are privileged. See McCormick On Evidence § 93 at 420-421 (6th ed. 2006). ("It has accordingly become established that if a party 'injects advice of counsel' as an essential element of a claim or defense, then the party waives the privilege as to all advice received concerning the same subject matter." McCormick On Evidence § 93 at 420-421 (6th ed. 2006). Allowing such a result will undermine prior precedent and principles of fundamental fairness.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Appeal be denied.

NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,

By Its Attorneys,

*/s/ Paul E. Dwyer, Jr.*
Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 13, 2008 a copy of the foregoing Memorandum in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886
fac15@aol.com

*/s/ Paul E. Dwyer, Jr.*______________

The undersigned hereby certifies that on June 13, 2008, I have sent, via first-class mail and facsimile, a true and accurate copy of within Memorandum to the following counsel of record:

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

*/s/ Paul E. Dwyer, Jr.*______________