UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELIZABETH REIS, Plaintiff, v. NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | C.A. No. 07-236 S |

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff Elizabeth Reis' appeal of the Order of Magistrate Judge David L. Martin granting Defendant National Passenger Railroad Corporation's ("Defendant") Emergency Motion to Compel Compliance with a Subpoena Duces Tecum ("Motion to Compel"). Plaintiff essentially argues that Judge Martin applied an overly relaxed view of the attorney-client privilege, resulting in an improper finding that Plaintiff waived the privilege with respect to communications she had with her former counsel Michael J. Farley.

Pretrial matters referred to a magistrate judge for determination are governed by 28 U.S.C. § 636(b)(1)(A). Such decisions of the magistrate judge may be reconsidered only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." After reviewing the papers submitted by the parties and the authorities cited therein, the

Court has concluded that Judge Martin's analysis is not clearly erroneous nor contrary to law and that it is, in fact, the correct analysis given the circumstances of this case.

Plaintiff's argument on appeal is really an attempt to elide two unrelated things: (1) attorney-client communications relating to the claim at issue in this case, and (2) attorney client communications related to anything other than the issue in this case.

Judge Martin was clear that his finding of waiver was limited to attorney-client communications "which may bear on [Plaintiff's] knowledge of whether or not she had a potential claim against Defendant as a result of the injury she sustained on June 23, 2004." (Decision at 11.)

Plaintiff argues that this holding would give Defendant "a right to the entire file of [Plaintiff's] real estate attorney, her divorce attorney and any other individual who may have represented her for any legal matter because of what she revealed concerning her discussions with her bankruptcy attorney." (Appeal at 10 (emphasis added).) This is a perversion of Judge Martin's actual holding, which gives Defendant a right only to a specific portion of the file of Attorney Farley.

Additionally, Plaintiff argues that the affidavit of Robert B. Jacquard, who represented Plaintiff in her bankruptcy matter, cannot be said to have effected a waiver with respect to Plaintiff's communications with Attorney Farley, who represented

her with respect to her workers' compensation claim. (Appeal at 9.) This, too, misses the mark. The subject at issue is not the bankruptcy; rather, the subject is Plaintiff's knowledge, or lack thereof, of a potential claim against Defendant. Just because Plaintiff's discussion with Attorney Jacquard occurred in the context of a bankruptcy does not mean that it cannot implicate her discussions with Attorney Farley. Judge Martin's decision was limited to allow Defendant to inquire as to the relevant subject matter - Plaintiff's knowledge of a potential claim against Defendant.

In conclusion, for the reasons set forth in the Order of Magistrate Judge Martin, Plaintiff's appeal is denied and Defendant's Motion to Compel is GRANTED.

IT IS SO ORDERED.

WESmith

William E. Smith
U.S. District Judge
Date: 7/1/08