UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF ELIZABETH REIS AND ROBERT B. JACQUARD, ESQ. AND PORTIONS OF PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Defendant National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Amtrak") hereby moves to strike portions of the Affidavits of Elizabeth Reis and Robert B. Jacquard, Esq. pursuant to Fed. R. Civ. P. 56(e), as well as portions of Plaintiff's Statement of Undisputed Facts, all of which were submitted in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Portions of the affidavit of Elizabeth Reis ("Plaintiff") must be stricken because they are patently incorrect in light of contradictory statements made by Plaintiff in e-mail communications she authored prior to and during the pendency of her bankruptcy proceeding, provided by Plaintiff's former counsel, Michael J. Farley, Esq. ("Attorney Farley") at his deposition conducted on Monday, July 14, 2008. Plaintiff's statements in her e-mails make it irrefutable that she was aware of her potential claim against Amtrak prior to and throughout her bankruptcy proceeding and intended to pursue it, contrary to statements made in her sworn affidavit. Moreover, her affidavit impermissibly contradicts her sworn deposition testimony.

A statement made in the Affidavit of Robert B. Jacquard, Esq. ("Attorney Jacquard") also must be stricken because it is based solely on his understanding of circumstances as they were described to him by Plaintiff. The problem with this statement in Attorney Jacquard's Affidavit is twofold. First, the statement is not based on personal knowledge and is instead entirely based on information relayed by Plaintiff. Second, the documents provided by Attorney Farley make evident that Plaintiff did not divulge a multitude of facts to Attorney Jacquard relating to Plaintiff's knowledge of her potential claim against Amtrak and her ongoing correspondence with Attorney Farley regarding the claim while her bankruptcy petition was pending.

Portions of Plaintiff's Statement of Undisputed Facts must also be stricken because they rely on statements made in Plaintiff's and Attorney Farley's Affidavits that violate Rule 56(e).

Accordingly, for the reasons set forth more fully in the accompanying Memorandum, this Court should strike portions of the Affidavits of Elizabeth Reis and Robert B. Jacquard, Esq. and portions of Plaintiff's Statement of Undisputed Facts from the record.

**Defendant respectfully requests that this motion be set for hearing immediately prior to the hearing on Defendant's Motion for Summary Judgment currently scheduled for July 28, 2008.**

DEFENDANT,
NATIONAL RAILROAD PASSENGER CORPORATION,

/s/ Paul E. Dwyer, Jr.

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

Dated: July 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, I served a copy of the within document by causing a copy to be sent via Electronic Mail to the below named counsel:

TO: Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

/s/ Paul E. Dwyer, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS,<br>Plaintiff,<br><br>vs.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 07-236S |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF ELIZABETH REIS AND ROBERT B. JACQUARD, ESQ. AND PORTIONS OF PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

## I. STANDARD OF REVIEW

Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits "shall be made on *personal knowledge*, shall set forth such *facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein." Fed. R. Civ. P. 56(e) ("Rule 56(e)") (emphasis added). A party seeking to challenge an affidavit that violates Rule 56(e) must move to strike the offending portions of the affidavit. See Lacey v. Lumber Mut. Fire Ins. Co. of Boston, Mass., 554 F.2d 1204, 1205 (1st Cir. 1977); Noblett v. General Electric Credit Corp., 400 F.2d 442, 445 (10th Cir. 1968). In resolving a motion to strike, the Court should use "a scalpel, not a butcher knife." Perez v. Volvo Car Corp., 247 F.3d 303, 315-16 (1st Cir. 2001). Thus, it is appropriate for the Court only to strike the portions of affidavits that do not satisfy the requirements of Rule 56(e). See id.

While a court must draw all justifiable inferences in favor of the non-moving party on a motion for summary judgment, a court is not required to turn a blind eye to contradictions in a

party's submissions. See Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1988). Thus, when a non-moving party submits an affidavit in opposition to a motion for summary judgment, it is well-established that such affidavit will not defeat the summary judgment motion when it contradicts the non-moving party's earlier deposition testimony. See Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006) (interested party may not submit an affidavit which directly contradicts an earlier deposition to defeat summary judgment.) A party will not be permitted to manufacture a dispute of fact and resist summary judgment with an affidavit that is clearly contradictory without providing a satisfactory explanation of why the testimony is changed. See Abreu-Guzman v. Ford, 241 F.2d 69, 74 (1st Cir. 2001); Williams v. Raytheon Co., 220 F.2d 16, 20-21 (1st Cir. 2000).

As set forth below, Amtrak moves to strike certain paragraphs of Plaintiff's Affidavit and certain paragraphs of Plaintiff's Statement of Facts, as they contain statements made contrary to her personal knowledge and are not based upon facts, and therefore do not meet the requirements of Rule 56(e). Similarly, Amtrak moves to strike a portion of Attorney Jacquard's Affidavit as it was not made upon personal knowledge.

## II. BACKGROUND

Plaintiff filed this suit against Amtrak on June 1, 2007, seeking damages for injuries arising out of a fall on an Amtrak Acela train on June 23, 2004. Amtrak filed a Motion for Summary Judgment on February 5, 2008, arguing that Plaintiff is precluded from asserting her claims before this Court, in part, because the instant personal injury action was omitted from the schedule of assets included in her Chapter 7 Bankruptcy Petition filed on April 18, 2005, which resulted in Plaintiff's debts being discharged on July 25, 2005. See Defendant National Passenger Railroad Corporation's Statement of Undisputed Facts in Support of its Motion for

Summary Judgment ¶¶ 30, 35. On April 22, 2008, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment, to which she attached two affidavits, as this Court aptly noted, "to support her contention that she did not include the claim against Amtrak on the bankruptcy forms because she was unaware that she had such a claim." Memorandum and Order Granting Motion to Compel dated May 27, 2008.

First, Plaintiff attached her own affidavit, Affidavit of Elizabeth Reis In Opposition To Defendant's Motion For Summary Judgment, attached hereto as Exhibit 1. Second, Plaintiff attached the Affidavit of Robert B. Jacquard, Esq. attached hereto as Exhibit 2.

By court order, Amtrak obtained the testimony of Michael Farley, Esq. ("Attorney Farley"), Plaintiff's worker's compensation attorney. In response to Amtrak's subpoena, Attorney Farley produced a number of documents, including ten (10) e-mails authored by Plaintiff between November 19, 2004 and September 10, 2005 discussing her personal injury claim against Amtrak. See Deposition of Michael J. Farley ("Farley Depo."), attached hereto as Exhibit 13, at pp. 6-7, 10-12, 23-26, 52-53 and Exhibits 3-12 appended hereto. The information contained in these documents establishes that Plaintiff was well aware that she had a potential claim against Amtrak as early as her initial meeting with Attorney Farley on August 12, 2004, and continued to hold this belief through the pendency of her bankruptcy proceeding to the present. Because this new-found information directly contradicts three of Plaintiff's sworn statements in her Affidavit and a number of statements in Plaintiff's Statement of Undisputed Facts, these paragraphs must be stricken from the record. Likewise, a sentence in Attorney Jacquard's Affidavit must be stricken as it is not based on personal knowledge or fact and is merely speculative.

## III. Argument

### A. This Court Must Strike Portions of the Affidavit of Elizabeth Reis from the Record

#### 1. Paragraphs 20, 27 and 28 of Plaintiff's Affidavit are Contrary to Plaintiff's Personal Knowledge and Not Based Upon Fact and, Therefore, Do Not Satisfy the Requirements of Rule 56(e)

Plaintiff filed an Affidavit in which she swore under oath:

> 20. That I filled out the forms at his instruction and listed the claim I had for workers compensation resulting from my injury on June 23, 2004. I did not list a claim against Amtrak because at that point in time I did not believe I was making a claim against Amtrak and, in fact, had not made any claim against Amtrak at that time and I had no intention of pursuing a claim at that point, after discussions with Mr. Jacquard it was my belief that there was no claim to be made.
>
> * * *
>
> 27. That at no time did I intentionally attempt to deceive the Court or hide this claim in order to defraud my creditors or anything of that nature.
>
> 28. **That I certainly am willing to re-open my bankruptcy petition and file an amended 521 statement listing this claim. It was never my intention to hide this claim. I just never gave any thought to making a claim or that I actually had a claim and that thought process was reinforced by my discussions with Mr. Jacquard.**

See Reis Aff. ¶¶ 20, 27, 28 (emphasis added).

However, documents produced by Plaintiff's worker's compensation lawyer, Attorney Farley, establish that a number of Plaintiff's sworn statements are demonstrably contradictory to facts known by Plaintiff. Therefore, pursuant to Fed. R. Civ. P. 56(e), paragraphs 20, 27 and 28 of Plaintiff's Affidavit must be stricken from the record, as they are not based upon personal knowledge and are, in fact, contradictory to it, and are not based in fact.

In an e-mail written by Plaintiff to Attorney Farley on November 19, 2004, **five months before filing her bankruptcy petition**, Plaintiff wrote:

> Didn't know if I had given you the Amtrak info from when I gave them my recorded statement back in June. I was also told by Amtrak security at the station in Providence that they would file a report. I have never received a copy of that or know for sure if they filled one out.
>
> On 6/25/04 I spoke with Martha O'Neill, from the Amtrak Claims Office.... She took the general info as to why I was calling and said she'd pass the info on to a claims rep. On 7/2/04, Seth Starr, Claims Rep...called and took my recorded statement in detail.
>
> **I surely hope that you're able to settle for a substantial amount.** They cared more about getting the train moving than an injured passenger. They should have never moved me, let alone dragged me off the train with an injury...
>
> I also wondered if you knew that this isn't anything new for Amtrak. An acquaintance told me that her friend's dad was traveling on Amtrak from Hartford to NYC, having severe chest pains and asked if they'd please stop the train at the next unscheduled depot to let him off to get a rescue. They said they had to keep the train moving and couldn't stop until they got to NYC. The man had a heart attack and ended up getting a huge settlement from Amtrak....

See Plaintiff's 11/19/04 e-mail, attached hereto as Exhibit 3 (emphasis added). Nine additional e-mail communications from Plaintiff to Attorney Farley sent between April 13, 2005 – **five days before Plaintiff filed her petition for bankruptcy** – and September 10, 2005 – **over a month after Plaintiff's debts had been discharged by the bankruptcy court** – establish that Plaintiff was aware of her claim and determined to pursue it. See Plaintiff's 04/13/05, 05/04/05, 05/09/05, 05/13/05, 05/16/05, 06/01/05, 06/07/05, 7/25/05 and 09/10/05 e-mails, attached hereto as Exhibits 4-12, respectively. In fact, in an e-mail dated **July 25, 2005** – only a few hours after Plaintiff's debts were discharged by order of the bankruptcy court – Plaintiff inquired, **"What is happening with Amtrak? Should I expect any financial settlement from them?"** See Exhibit 11.

Attorney Farley's deposition testimony further illuminates Plaintiff's knowledge of her potential claim against Amtrak. Attorney Farley testified that he discussed Plaintiff's potential personal injury claim against Amtrak at their intake meeting on August 12, 2004, explaining the difference between her worker's compensation claim, through which she could recover weekly worker's compensation benefits, payment for medical expenses and some limited amounts for any permanency or scarring that she suffered as a result of the injury, and a tort claim, which pays damages that exceed those paid under worker's compensation in that there is a potential for recovery of pain and suffering and other damages, like emotional distress. See Farley Depo. at 8, 19-21. On **April 13, 2005**, less than a week before her bankruptcy petition was filed, Plaintiff wrote, **"Will you be helping me to recover the medical expenses and financial compensation for pain and suffering?"** See Exhibit 4.[1]

Once Plaintiff's bankruptcy petition was filed on April 18, 2005, Plaintiff continued to send e-mails to Attorney Farley inquiring about whether he had contacted Amtrak and whether he would be able to assist her in recovering from Amtrak. On May 4, 2005, Plaintiff wrote, "Have you been able to reach anyone at Amtrak?" See Exhibit 5. On May 9, 2005, Plaintiff asked, "Also, have you been able to speak with the gentleman I gave a statement to at Amtrak?" See Exhibit 6. On May 13, 2005, Plaintiff wrote, "Have you been able to contact Amtrak since we last spoke?" See Exhibit 7. On May 16, 2005, Plaintiff again wrote, "Have you been able to contact the gentleman from Amtrak?" See Exhibit 8. On June 1, 2005, Plaintiff asked, "Have you spoken with Seth Starr from Amtrak?" See Exhibit 9. On **June 7, 2005**, Plaintiff wrote to Attorney Farley, **"Would you please let me know how things stand with Seth Starr at**

---

[1] Attorney Farley's testimony is not offered to show that he told Plaintiff of her potential claim against Amtrak, but instead only to show that she was informed of the difference between a worker's compensation claim and a tort claim in order to place in context her reference to "financial compensation for pain and suffering" in her April 13, 2005 e-mail.

**Amtrak? I desperately need to recoup my financial losses from this accident!"** See Exhibit 10. Plaintiff continued to press Attorney Farley for information on whether she would "be receiving a financial settlement" from Amtrak through September 10, 2005. See Exhibit 12.

On October 20, 2005, Attorney Farley received a letter and release requesting that he transfer both Plaintiff's worker's compensation and personal injury files to her current counsel, Attorney Costello. This correspondence marked the end of Attorney Farley's representation of Plaintiff.

The documents provided by Attorney Farley leave no doubt that Plaintiff was aware of her possible claim against Amtrak and determined to pursue it before she filed for bankruptcy protection, while her bankruptcy petition was pending, and after her debts had been discharged by the bankruptcy court. Consequently, paragraphs 20, 27 and 28 of Plaintiff's Affidavit unequivocally contradict the facts known to Plaintiff at the time of her bankruptcy filing and when she executed the affidavit and fail to satisfy Rule 56(e). Therefore, they must be stricken from the record. For the same reasons, paragraphs 23, 24 and 27 of Plaintiff's Statement of Undisputed Facts filed in opposition to Defendant's Motion for Summary Judgment must be stricken from the record.

**2. Statements in Plaintiff's Affidavit Contradict Her Prior Deposition Testimony**

In her sworn deposition testimony, taken on December 10, 2007 before Amtrak filed its Motion for Summary Judgment, Plaintiff stated that she understood that when she contacted the Amtrak claims department about a week after her fall, she was taking the first steps toward making a claim:

> Q: And you understood you were calling the Amtrak claims department?

A: Yes.

Q: And this was your first step to telling your side of the story to make a claim, correct?

A: That is correct.

* * *

Q: Was there ever any discussion of the payment of money by Mr. Starr, by Amtrak on the part of Mr. Starr or the execution of a release by you regarding your claim?

A: No. The word "release," I don't believe, ever came into the conversation. I think I remember Mr. Starr saying something like "we pay" - - he said something, something and then "we pay - - we would then pay worker's comp back."

Q: Okay?

A: Something like that.

Q: So at this point there was nothing more to this conversation with Mr. Starr that you were beginning the process of making a legal claim against Amtrak?

A: Correct.

See Exhibit B to Amtrak's Statement of Undisputed Facts at pp. 49, 51-52.

Notwithstanding this testimony, in an attempt to avoid summary judgment in favor of Amtrak, Plaintiff now relies on her own Affidavit, which directly contradicts her deposition testimony. This is not permitted. See Orta-Castro, 447 F.3d at 110; Abreu-Guzman, 241 F.2d at 74.

Here, Plaintiff has offered no explanation for the change in her testimony. Instead, the facts point to the conclusion that Plaintiff manufactured an issue of fact to avoid summary judgment. Plaintiff's Affidavit was executed only after Amtrak filed its motion for summary judgment. Moreover, Plaintiff's deposition testimony is consistent with the e-mail

communications authored by Plaintiff that were produced by Attorney Farley. Accordingly, the aforementioned portions of Plaintiff's Affidavit must be stricken from the record as a sham.

### B. This Court Should Strike a Portion of Paragraph 6 of the Affidavit of Robert Jacquard from the Record

In his affidavit, Attorney Jacquard affirmed "I am certain that Ms. Reis knew of no third party claim that she may have had, and that nothing she said in response to my questions led me to believe otherwise." Jacquard Aff. ¶ 6.

This statement must be stricken from Attorney Jacquard's Affidavit because, on its face, it is not made upon personal knowledge and is instead based on statements made to him by Plaintiff. Moreover, Attorney Jacquard's belief as to Plaintiff's state of mind is irrelevant to the issues presented.

This statement also must be stricken because, after reviewing the e-mail correspondence Plaintiff sent to Attorney Farley during the pendency of Plaintiff's bankruptcy proceeding, it is quite clear that Plaintiff did not inform Attorney Jacquard about her prior and on-going communications with Attorney Farley regarding her desire to pursue her claim against Amtrak and receive a settlement and "financial compensation for pain and suffering." See Exhibits 5; see also Exhibits 4, 6-12. For these reasons, the aforementioned sentence must be stricken from Attorney Jacquard's Affidavit.

### C. This Court Must Strike Three Paragraphs From Plaintiff's Statement of Undisputed Facts

This Court should also strike three paragraphs from Plaintiff's Statement of Undisputed Facts as they are based upon statements made in Plaintiff's and Attorney Jacquard's Affidavits that violate Rule 56(e) and are directly contradicted by e-mails authored by Plaintiff at the time she was filing for bankruptcy protection.

The Court should strike paragraph 23, as cited below, because it is based upon inaccurate information contained in Plaintiff's Affidavit; while Attorney Jacquard may have come to the conclusion that Plaintiff's worker's compensation claim was the only claim to be made relating to her fall, Plaintiff's numerous e-mails to Attorney Farley evidence that she had concluded otherwise.

> 23. That Plaintiff discussed with Mr. Jacquard the circumstances of her fall of June 23, 2004 and **they came to conclusion that this was the only claim to be made.** See Plaintiff's Exhibit 1, paragraph 20, and Exhibit 4, Affidavit of Robert Jacquard.

The Court should strike paragraph 24, as cited below, because Plaintiff's e-mail correspondence to Attorney Farley, as discussed supra, shows that Plaintiff was very interested in recovering from Amtrak.

> 24. That in April of 2005, Plaintiff's main focus was on remaining on worker's compensation and obtaining some debt relief. **Plaintiff had no intention or desire to make a claim against Amtrak.** See Plaintiff's Exhibit 1, paragraph 21.

The Court should also strike paragraph 27, as cited below, because Plaintiff's e-mail correspondence to Attorney Farley during April 2005 and during the pendency of her bankruptcy petition evidences her belief that she had a potential claim against Amtrak, which should have been listed in her schedule of assets.

> 27. That at no time did Plaintiff ever hide the issue that she was injured on June 23, 2004 and **she listed all claims she thought she had when filing the petition for bankruptcy in April of 2005.** See Plaintiff's Exhibit 1, paragraph 27.

## IV. Conclusion

For the aforementioned reasons, this Court should strike paragraphs 20, 27 and 28 from the Affidavit of Elizabeth Reis, the offending portion of paragraph 6 of the Affidavit of Robert B. Jacquard, Esq. and paragraphs 23, 24 and 27 from Plaintiff's Statement of Undisputed Facts.

DEFENDANT,
NATIONAL RAILROAD PASSENGER CORPORATION,

/s/ Paul E. Dwyer, Jr.
Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, I served a copy of the within document by causing a copy to be sent via Electronic Mail to the below named counsel:

TO: Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

/s/ Paul E. Dwyer, Jr.