UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ELIZABETH A. REIS,

Plaintiff,

v. C.A. No. 07-236S

NATIONAL PASSENGER RAILROAD
CORPORATION, A/K/A NATIONAL
RAILROAD PASSENGER CORPORATION,

Defendant.

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUBSTITUTE PARTY PLAINTIFF

*Background*

The Plaintiff, Elizabeth A. Reis, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) on April 18, 2005 ("Petition Date"). Prior to filing bankruptcy, on June 23, 2004 the Plaintiff suffered injuries as a result of falling on an Amtrak train operated by the Defendant. In accordance with the requirements of 11 U.S.C. § 521, the Plaintiff filed schedules and statements which accompanied her bankruptcy petition. No mention was made of the existence of a potential claim against the Defendant in these schedules and statements. Despite the failure to list her potential claim against the Defendant in her bankruptcy papers, the Plaintiff's potential claim became property of her bankruptcy estate subject to administration by the trustee of that estate. 11 U.S.C. §§ 541 and 704(a)(1).

On the Petition Date, Andrew S. Richardson ("Trustee") was appointed chapter 7 trustee of the Plaintiff's bankruptcy estate.[1] The Trustee was later discharged and the

[1] Richardson's certificate of appointment is attached as exhibit A.

bankruptcy case was closed on August 5, 2005. Upon learning of the undisclosed claim against the Defendant, the Trustee moved to reopen the Plaintiff's bankruptcy. The case was reopened on May 18, 2008.

The Plaintiff's schedules disclosed that she was collecting workers' compensation as a result of an injury at work. The compensation was claimed as exempt pursuant to R.I. Gen. Laws § 28-33-27.

The Defendant in this action has moved for summary judgment arguing, among other things, that the Plaintiff's failure to list her potential claim against the Defendant on her bankruptcy schedules judicially estops her from asserting those claims now. Memorandum of Law In Support of Defendant National Passenger Railroad Corporation's Motion for Summary Judgment, p.2. It is generally accepted that a former debtor "cannot realize on [a] concealed asset," including a cause of action, after a bankruptcy has ended. See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006).

Due to the fact that the Trustee's right to recover the proceeds of the pending claim is jeopardized by the continuing prosecution by the Plaintiff, the Trustee asks that he be substituted as the party plaintiff in this matter pursuant to Federal Rule of Civil Procedure 25(c).

*Argument*

Upon the commencement of her bankruptcy case, all of the Plaintiff's legal and equitable rights in property, including potential causes of action, became property of her bankruptcy estate. 11 U.S.C. § 541. The previously undisclosed claim against the Defendant is property of the Plaintiff's reopened bankruptcy estate and the Trustee as its

legal representative. Therefore, the Trustee is the real party in interest in the pending action and must be substituted as the party Plaintiff. See e.g., Hutchinson v. Delaware Sav. Bank FSB, 410 F.Supp.2d 374, 382 (D.N.J. 2006)

The circumstances before the Court resemble the facts of In re Miller, 347 B.R. 48 (Bankr. S.D.Tex. 2006). In that case, the debtor failed to list a potential cause of action against a drug manufacturer among his assets on his bankruptcy schedules. In reliance upon those schedules the bankruptcy trustee filed a report of no assets and the bankruptcy case was closed. The debtor subsequently filed suit against the drug manufacturer.

Typically, property not administered prior to the closing of a case is deemed abandoned by a trustee. See 11 U.S.C. § 554(c). However, property which is not scheduled in accordance with §521 of the Bankruptcy Code is not deemed abandoned upon the closing of a bankruptcy. Therefore, the bankruptcy trustee in Miller sought to reopen the bankruptcy case upon learning of an undisclosed cause of action which the debtor owned prior to the filing of his bankruptcy. The bankruptcy court granted the motion to reopen and the drug manufacturer moved for reconsideration arguing: 1) that the trustee had abandoned any claim which he may hold against it; and 2) that the trustee was judicially estopped from pursuing the claim due to his previous no asset report.

The bankruptcy court rejected both arguments. With respect to the abandonment argument, the court analyzed §554(d) of the Bankruptcy Code. When read in conjunction with §554(c), the court determined that undisclosed assets are not abandoned upon the closing of a bankruptcy case. Subsection (c) of §554 makes clear that an asset which is not disclosed in a debtor's bankruptcy schedules and not administered by a trustee is not abandoned automatically upon closing of a bankruptcy case. However, property which is

not administered or automatically abandoned pursuant to §554(c) remains property of a bankruptcy estate even after the estate is closed. See 11 U.S.C. § 554(d). The Miller court explained the reasoning behind the retention of undisclosed assets by a closed bankruptcy estate as follows:

> It is not serendipitous that the Bankruptcy Code has an explicit provision that prevents the loss of assets that a debtor fails to disclose in Bankruptcy Schedules. It happens all the time, especially with claims. And when it does, cases are routinely reopened, in accordance with the statute, to administer those assets. It would be truly unjust, and a source of endless mischief, if a debtor could deny to the trustee the right to pursue assets merely by failing to list the assets in Bankruptcy Schedules.

In re Miller, 347 B.R. at 53. (footnotes omitted).

With respect to the argument that the trustee was judicially estopped from pursuing the claim against the manufacturer, the court determined that the trustee did not take a "contrary position" in filing a no asset report and that the bankruptcy court did not previously accept any position that was taken by the trustee, both of which are required for the application of judicial estoppel. In re Miller, 347 B.R. at 54. Consequently, the drug manufacturer had failed to demonstrate that judicial estoppel should apply against the trustee. Id. At least one other court has reached the same conclusion. See Canterbury v. Federal-Mogul Ignition Co., 483 F.Supp.2d 820, 830 (S.D. Iowa 2007); see also See Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006)(stating, "Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit.").

*Conclusion*

Given the fact that the Trustee is the real party in interest and owner of the pending claim against the Defendant, he requests that he be substituted as the plaintiff in this matter pursuant to Federal Rule of Civil Procedure 25(c).

Andrew S. Richardson, Trustee

By his Attorney,

/s/ Steven J. Boyajian
Andrew S. Richardson (#2608)
Steven J. Boyajian (#7263)
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
Tel. (401) 273-9600
Fax. (401) 273-9605
steve@bhrlaw.com