UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| v. | : | CA 07-236 S |
| NATIONAL PASSENGER RAILROAD CORPORATION, Defendant. | : | |

**ORDER**
**GRANTING IN PART ORAL MOTION**
**TO CONTINUE DATE OF PHYSICAL EXAMINATION**

On July 24, 2008, the Court conducted a telephone conference with counsel for the parties. The conference was held at the request of Plaintiff's counsel. Plaintiff's counsel made an oral motion to continue the scheduled July 25, 2008, examination of Plaintiff by Dr. Barr to September 3, 2008. The stated reason for the continuance was that the July 25th date conflicted with an important meeting which Plaintiff had regarding her son. Defendant's counsel objected to the oral motion and indicated that cancelling the examination at this point would result in Defendant incurring a $700.00 cancellation fee.

After listening to argument, the Court granted the motion, but also ruled that Plaintiff would have to pay any cancellation fee charged by Dr. Barr up to $700.00. The Court directed Defendant's counsel to see if the cancellation fee could be reduced to a lesser amount. However, if it cannot be reduced, Plaintiff remains liable for the full amount up to $700.00.

The Court explains the reasons for this ruling. Defendant's counsel notified Plaintiff's counsel of the July 25th examination date by a letter dated June 24, 2008. Plaintiff's counsel saw this letter upon returning from court-excused leave on or about July 1st. Plaintiff's counsel then notified Plaintiff of the date, and she informed him of her conflict. On July 9, 2008, Plaintiff called Dr. Barr's office to see if the examination could be rescheduled, but was informed that this could only be done at the direction of Defendant's counsel. At some point thereafter, Plaintiff's counsel and Defendant's counsel engaged in further discussions regarding rescheduling the examination, but no agreement was reached.

Although Plaintiff and her counsel have been aware of the conflict since at least the first week of July, they did not seek relief from the Court until today. As a result, the Court was confronted with a situation in which granting the oral motion would almost certainly result in Defendant incurring a cancellation fee. Under the circumstances, the Court sees no reason why Defendant should have to bear this charge. Defendant gave Plaintiff ample notice of the scheduled examination date and the 10:00 a.m. time was reasonable, especially in light of Plaintiff's counsel's previously expressed desire to have Plaintiff examined the same day by her own doctor after Dr. Barr had performed his examination.

Accordingly, the oral motion of Plaintiff's counsel to reschedule the July 25, 2008, examination of Plaintiff is granted to the extent that said examination shall be rescheduled to September 3, 2008, or the nearest date thereafter which is available for Dr. Barr. Plaintiff shall be responsible for any cancellation fee charged by Dr. Barr because of her failure to keep the July 25th appointment. Payment shall be made within fourteen days of presentation of any bill by Defendant's counsel reflecting such charge.[1]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 24, 2008

[1] At the conclusion of the telephone conference, the Court noted that it was possible that Plaintiff, upon learning that she will be responsible for a cancellation fee of up to $700.00 if the examination is rescheduled, may decide to keep the appointment. The Court directed the attorneys to communicate with each other following the conference to establish definitively whether Plaintiff will or will not keep the July 25th appointment.