DEFENDANT'S EXHIBIT S

IN RE: ELIZABETH REIS

**AFFIDAVIT**

The undersigned, being duly sworn, does depose and say:

1. I am an attorney licensed in the State of Rhode Island.

2. I represent Elizabeth Reis regarding a Chapter 7 Bankruptcy Petition, case number 05-11339, filing date 4/18/2005.

3. I assisted Ms. Reis in filling out the Bankruptcy Schedules.

4. While preparing the Schedules, I asked Ms. Reis if she is involved in any lawsuits, or if she possesses the ability to bring a claim or lawsuit against any party for any reason including personal injury claims. I also specifically ask all clients including Ms. Reis if they have been involved in any accidents in the past three years.

5. In response to my inquiry, Ms. Reis told me she did receive an injury at work and had filed a Workers' Compensation claim. This claim was listed on Schedule B of Ms. Reis's Bankruptcy Petition as personal property.

6. Any time that a bankruptcy client tells me that they have a Workers' Compensation claim I inquire further as to whether any third party may be responsible for their injury. This is a routine inquiry, but a very important one and I am certain that I asked Ms. Reis specific questions to determine if there was any third party responsible for her injuries. I am certain that Ms. Reis knew of no third party claim that she may have had, and that nothing she said in response to my questions led me to believe otherwise. If I felt there was any chance of this I would have listed it as potential property on Schedule B of her Petition.

I swear to the truth of the above under penalty of perjury.

Robert B. Jacquard
231 Reservoir Avenue
Providence, RI 02907

STATE OF RHODE ISLAND
PROVIDENCE COUNTY

Sworn and subscribed before me in Providence, Rhode Island, this 3rd day of March 2008.

Notary Public
Print Name: MICHELE S. FRANCO
Expires: 7-14-09

investigation of the claim. *See Exhibit Q.* He followed up with a telephone call to Mr. Starr. *Exhibit F at pp. 29-30.* On October 10, 2005, Attorney Farley was discharged by Ms. Reis probably due, according to him, to her dissatisfaction with his pursuit of her claim against Amtrak. *See Exhibit F at pp. 25-26.*

Despite her deposition testimony to the contrary and having authored the e-mails, Ms. Reis executed and filed her own sworn affidavit and that of Attorney Jacquard in Opposition to Defendant's Motion for Summary Judgment. *Affidavits appended hereto as Exhibits R and S.* As stated by this Court, these affidavits were offered "to support her contention that she did not include the claim against Amtrak on the bankruptcy forms because she was unaware that she had such a claim." *Memorandum and Order Granting Motion to Compel, p. 10 (May 27, 2008).*

Among other statements, Ms. Reis swore:

> "28. That I certainly am willing to re-open my bankruptcy petition and file an amended 521 statement listing this claim. It was never my intention to hide this claim. I just never gave any thought to making a claim or that I actually had a claim and that thought process was re-enforced by my discussions with Mr. Jacquard."

*Exhibit R at ¶ 28.*

This is in stark contrast to her deposition testimony wherein she stated that she didn't list the claim against Amtrak "[b]ecause at the time it wasn't formally in litigation. At the time, we didn't even know if we were going to go to litigation with Amtrak." *Exhibit B at p. 77*; *see also Exhibit R at ¶ 20.* She also swore that at the time of her bankruptcy filing her "absolute main focus was staying on Workers' Compensation." *Exhibit R at ¶ 20.*

Based upon the affidavits, Amtrak moved to conduct the deposition of Attorney Farley. For reasons which are now obvious, plaintiff vigorously opposed defendant's motion to take