UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ELIZABETH A. REIS,

Plaintiff,

v. C.A. No. 07-236S

NATIONAL PASSENGER RAILROAD
CORPORATION, A/K/A NATIONAL
RAILROAD PASSENGER CORPORATION,

Defendant.

TRUSTEE'S REPLY TO DEFENDANT'S OBJECTION TO
MOTION TO SUBSTITUTE AS PARTY PLAINTIFF

I. Background

Andrew S. Richardson ("Trustee"), the chapter 7 trustee of the Plaintiff's bankruptcy estate has moved to be substituted as the party plaintiff in this matter on the ground that the pending claim is the property of the bankruptcy estate and not the Plaintiff. See 11 U.S.C. § 541. The Defendant has objected to the Trustee's motion on four separate grounds: 1) That the Trustee's motion improperly seeks substitution under Federal Rule of Civil Procedure 25(c) as opposed to Rule 17; 2) That the Trustee cannot be substituted as the party plaintiff because the commencement of the action by the Plaintiff was not the result of an "understandable mistake"; 3) That the Trustee's motion was not filed in a reasonable time; and 4) That the Plaintiff would be prejudiced by the substitution of the proper party. Each of these objections is addressed in turn.

## II. Argument

*The Trustee's motion to substitute himself as the party plaintiff is governed by Rule 17.*

The Defendant correctly notes that the Trustee's motion to substitute himself as the party plaintiff is governed by Federal Rule of Civil Procedure 17. The Plaintiff's bankruptcy estate has been the true party in interest since the commencement of this action. The cause of action being asserted became property of the Plaintiff's bankruptcy estate upon the filing of her chapter 7 petition (April 18, 2005), it was property of the bankruptcy estate when this case was commenced (June 27, 2007) and it remains property of the estate to this day. See 11 U.S.C. §§ 541 and 554(d). Due to the fact that the Plaintiff's interest in the pending case was transferred prior to the filing of the case, the outcome of the instant motion is governed by Rule 17.

Nonetheless, the fact that the Trustee's motion was mistakenly styled as a Rule 25(c) motion has no effect on the proper outcome. See Standard Fed. Bank v. United States, 51 Fed.Cl. 695, 708 (Fed.Cl. 2002)(stating, "The analysis required under Rule 25(c) to determine the successor in interest to the original plaintiff is similar to the analysis involved in determining the real party in interest for Rule17(a) purposes.")[1].

*The Trustee need not offer evidence that the filing of the complaint by the wrong party was an "understandable mistake"*

The Defendant seeks to capitalize on the Plaintiff's failure to properly complete her bankruptcy schedules to the detriment of the Plaintiff's creditors. In order to accomplish its goal the Defendant simultaneously argues that the Plaintiff is estopped

[1] The court in Standard Federal Bank was interpreting the Rules of the United States Court of Federal Claims the relevant portions of which are identical to the Federal Rules of Civil Procedure. See Standard Fed. Bank, 51 Fed.Cl. at 707.

from pursuing the pending claim due to her misrepresentations to the Trustee and that the Trustee is prevented from pursuing the pending claim due to the fact that Plaintiff tried to usurp the claim for herself.

Courts within the First Circuit have repeatedly allowed the substitution or ratification by bankruptcy trustees when claims belonging to bankruptcy estate have improperly been pursued by the debtors themselves. See GE HFS Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA, No. 05cv11128-NG, 2008 WL 2246673, at *4-*5 (D. Mass. May 29, 2008); Graupner v. Town of Brookfield, 450 F.Supp.2d 119, 129 (D. Mass. 2006); Vidal v. Doral Bank Corp., 363 F.Supp.2d 19, 22 (D.P.R. 2005); Rousseau v. Diemer, 24 F.Supp.2d 137, 144 (D. Mass. 1998). These courts have not noted any ambiguity in the language of Federal Rule of Civil Procedure 17(a). The rule states in relevant part, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to…be substituted into the action." Fed R. Civ. P. 17(a)(3). The Rule, which is plain on its face, would not allow for the dismissal of the present action without an opportunity for the Trustee to seek substitution. See GE HFS Holdings, Inc., 2008 WL 2246673, at *4-*5; Graupner, 450 F.Supp.2d at 129; Vidal, 363 F.Supp.2d at 22; Jenkins v. Wright and Ferguson Funeral Home, 215 F.R.D. 518, Tate v. Snap-On Tools Corp., No. 90 C 4436, 1997 WL 106275, at *8 (N.D. Ill. Feb. 11, 1997); Nagle v. Comm. Credit Bus. Loans, Inc., 102 F.R.D. 27, 31 (E.D. Pa. 1983); see also Cain v. Hyatt, 101 B.R. 440, 443 (E.D. Pa. 1989).

Despite the apparent clarity of the rule, several courts have required that the party seeking substitution to demonstrate that the failure to initially prosecute the case in the

name of the real party in interest resulted from an "understandable mistake". See e.g., Feist v. Consol. Freightways Corp., 100 F.Supp.2d 273, 275 (E.D.Pa. 1999). This purported requirement is found in the Advisory Committee Notes to the 1966 amendments to Rule 17 which state that the Rule "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Rejecting the position that the Advisory Committee Notes can add requirements not found within Rule 17 itself, one court stated,

> The Court is reluctant to rely on the quoted Advisory Committee Note to Rule 17(a) because it is in apparent conflict with the Rule itself. Rule 17(a) clearly allows one who is not a real party in interest to prosecute a case upon ratification by the real party in interest. Contrary to the Advisory Committee Note, the language of Rule 17(a) does not state or even imply that the real party in interest must have been difficult to determine or that an understandable mistake had been made.

Jenkins, 215 F.R.D. at 522, n.4.

In support of its position, the Defendant relies primarily upon Feist v. Consol. Freightways Corp.. The facts of the case are thoroughly recounted in the Defendant's objection and are therefore not restated. The Feist court determined that a trustee could not be substituted as the plaintiff in an action commenced by a former debtor unless the debtor could demonstrate that the action was commenced in his own name due to "an honest and understandable mistake." See id. at 276. Since it appeared that the debtor in Feist had intentionally concealed his interest in the claim at issue the trustee was prevented from joining the action and judgment was rendered in favor of the defendant due to the fact that the debtor/plaintiff had no interest in the claim being pursued. Id at 280-81.

A more reasonable approach to the same situation is found in Cantebury v. Federal-Mogul Ignition Co., 483 F.Supp.2d 820 (S.D. Iowa 2007). In Cantebury, the plaintiff was terminated by his employer due to repeated absence from work. Id. at 822. Shortly thereafter, the plaintiff filed a voluntary chapter 7 petition and failed to list any potential claims against his former employer. Id. Only weeks after filing his bankruptcy petition the plaintiff took the preliminary steps necessary to pursue his claims under the Family Medical Leave Act, the Americans with Disabilities Act and the Iowa Civil Rights Act. Id. On July 26, 2005 the plaintiff received a chapter 7 discharge. Id. On September 12, 2005 the plaintiff commenced his state court action against his former employer. Id.

The defendant/employer moved for summary judgment arguing that the plaintiff was judicially estopped from asserting claims not disclosed in his bankruptcy schedules. Id. at 822-23. The plaintiff moved to amend his complaint to substitute his chapter 7 trustee as the real party in interest pursuant to Federal Rule of Civil Procedure 17. Id. at 823. The defendant objected to the proposed substitution arguing that the concealment of potential claims from the bankruptcy trustee could not constitute an "understandable mistake" and therefore substitution could not be allowed. Id. at 826.

The court determined that the trustee should be substituted as the real party in interest in the pending claim. The court stated,

> Canterbury's actions in filing the present suit and in failing to disclose it to the Trustee, and in failing to disclose the bankruptcy proceedings to the Defendant, were his own post-petition actions and should not be attributed to the Trustee as the proper party in interest. Presumably, if the Court were to dismiss the present action in its entirety, the Trustee would refile Canterbury's claims against Defendant, but the action would be time-barred by applicable statutes of limitations. Such a result would be less than equitable, particularly in light of the fact that the Trustee was not

> aware of the claims until after the statute of limitations had expired. Refusing to permit the substitution of the Trustee as the real party in interest, then, would represent a significant detriment to the Trustee and, more importantly, to Canterbury's creditors, while at the same time permitting Defendant to receive a possible windfall by virtue of not being held accountable for its allegedly illegal actions. Accordingly, the Court concludes that the interests of justice are best served by permitting the substitution of the Trustee for Canterbury in the present action.

Id. at 827.

The facts of Feist are, as the Defendant suggests, very similar to the instant matter. However the result and reasoning of Feist are flawed. Not only would such an approach allow the Defendant here to avoid the consequences of allegedly negligent conduct, but the Plaintiff's creditors (through the bankruptcy estate) who were wrongfully deprived of the opportunity to commence the pending claim will also be deprived of its ultimate benefits. See Cantebury, 483 F.Supp.2d at 827; Graupner, 450 F.Supp.2d at 129; Jenkins, 215 F.R.D. at 522; see also Aaron v. United States, 65 Fed.Cl. 29, 32 (Fed.Cl. 2005). Rather than focus on whether the Plaintiff made an "understandable mistake" in commencing the action in her own name, a more relevant inquiry would be whether the Trustee's actions in not commencing this action himself were understandable. Compare Feist, 100 F.Supp.2d at 276 with Cantebury, 483 F.Supp.2d at 827. Given that the pending claim was never disclosed to the Trustee during the Plaintiff's bankruptcy case it is completely understandable that the Trustee did not commence this action in the first instance.

*The Trustee's motion seeking substitution is timely.*

The Defendant next argues that the Trustee's motion to substitute has not been filed in a reasonable amount of time and that it would therefore be prejudiced if the

substitution were allowed. Rule 17(a)(3) states in relevant part, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, *after an objection*, a reasonable time has been allowed for the real party in interest to…be substituted into the action." Fed. R. Civ. P. 17(a)(3)(emphasis added). The Defendant has yet to object to the prosecution of this action by the Plaintiff on the basis that she is not the real party in interest. Accordingly, the "reasonable time" clock by which the Trustee must abide has yet to begin running. See Suda v. Weiler Corp., ---F.R.D.---, No. 06-cv-95, 2008 WL 413858 (D.N.D. Feb. 13, 2008)(not paginated)(stating, "it was reasonable that [the plaintiff] not respond specifically to the real party in interest objection before it was raised by motion.").

The Defendant became aware of the Plaintiff's bankruptcy, at the very latest, on December 10, 2008. At this time, the Defendant made a calculated judgment that it should move for summary judgment against the Plaintiff based upon a judicial estoppel theory rather than move for dismissal for failure to join the real party in interest. A possible reason for the Defendant's tactics is that a motion to dismiss for failure to prosecute in the name of the real party in interest would have undoubtedly prompted this Court to order that notice of the pending dismissal be given to the Trustee. See e.g., Olexy v. Interstate Ins. Co., 113 F.Supp.2d 1045, 1048 (S.D. Miss. 2000)(stating, "[I]t is ordered that defendant's motion to dismiss is denied. It is further ordered that the clerk of the court shall send a copy of this order to Derek Henderson, Trustee for the bankruptcy estate of Ronald L. Olexy…and that by September 25, 2000, the trustee shall notify this court whether he desires to be substituted as the party plaintiff.")

Both the Plaintiff and the Defendant waited, at the very least, over four months (142 days) after the revelation of the Plaintiff's bankruptcy to inform the Trustee of the pending action and approximately eighty-five days after the filing of the Defendant's motion for summary judgment. During this time the Defendant claims to have expended substantial resources in pursuing its judicial estoppel theory against the Plaintiff. However, the Defendant was well aware that it was not litigating against the real party in interest. Having failed during the past eight months to seek the dismissal of the pending action based upon the fact that the Plaintiff is not the real party in interest, that defense has now been waived. See Rogers v. Samedan Oil Corp., 308 F.3d 477, 483-84 (5th Cir. 2002).

However, the assertion of the real party in interest defense was never part of the Defendant's plan. Rather, the Defendant chose to litigate against a Plaintiff who is likely judicially estopped from pursuing the pending claim. Seeing that its procedural prank has failed, the Defendant seeks to blame the Trustee for the length of the row which it chose to hoe. The Trustee should not be punished for the Defendant's chosen strategy. See Tate, 1997 WL 106275, at *8 (stating, "Although Plaintiff's delay in notifying the Trustee of his unadministered asset remains unexplained, the court notes that Defendant, which has vigorously pressed the issue of [the plaintiff's] status, might itself have notified the Trustee of the unscheduled claim. The failure on the part of both parties to notify the Trustee ought not prejudice him.")

*The Defendant will not be prejudiced by the Trustee's substitution.*

In a further effort to prevent this claim from being adjudicated on its merits, the Defendant argues that substitution of the Trustee would result in prejudice in the form of resources expended pursuing its judicial estoppel theory. The Defendant's analysis miscomprehends the meaning of prejudice. Prejudice which would prevent the substitution of parties does not depend upon the amount of time spent fighting with the current party. "'As long as defendant is fully apprized of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added.'" Rousseau, 24 F.Supp.2d at 144 (quoting 6C Wright, Miller & Cooper, Federal Practice and Procedure, § 1501 at 524). The claims which the Trustee plans to assert against the Defendant are not different than the claims asserted by the Plaintiff. The only thing that will change if the Trustee is substituted is that the Plaintiff's creditors and not the Plaintiff will be the initial beneficiaries of any recovery. See id.

[INTENTIONALLY LEFT BLANK]

III. Conclusion

For the foregoing reasons, the Trustee requests that he be substituted as the party plaintiff in this action.

Andrew S. Richardson, Trustee

By his Attorney,

/s/ Steven J. Boyajian

Andrew S. Richardson (#2608)
Steven J. Boyajian (#7263)
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
Tel. (401) 273-9600
Fax. (401) 273-9605

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2008, I mailed by United States Postal Service, first class mail, postage pre-paid, a copy of the Trustee's Reply to Defendant's Objection to Motion to Substitute as Party Plaintiff and copy of the Notice of Electronic Filing to the debtor, Elizabeth A. Reis, 19 Ausdale Road, Cranston, RI 02910.

/s/ Susanne Kershaw