UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| vs. | : | Civil Action No. 07-236S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

National Passenger Railroad Corporation, a/k/a National Railroad Passenger Corporation ("Defendant" or "Amtrak") submits this Memorandum in support of its Objection to Plaintiff's Motion to Extend Discovery. For the reasons discussed herein, Plaintiff's motion should be denied.

**FACTS AND TRAVEL OF THE CASE**

On June 23, 2004, Plaintiff allegedly was injured due to a fall upon Amtrak's Acela Train leaving Providence bound for New York. Deposition of Plaintiff (attached hereto as Exhibit A), p. 65 -66. There were no Amtrak employees present in the car at the time of her fall. Id. at 64. Conductor Edward Brian Radovich approached her following the incident and transferred her luggage to the platform. See Id. at 82. Amtrak Police Officer D.M. Gibson, who had been on the platform, then assisted her off the train and waited for the rescue with her. See Id.

Per the Court's Pre-Trial Order, discovery was set to close on March 31, 2008. On March 27, 2008, Plaintiff filed a motion seeking a 90-day extension of the Pre-Trial Order deadlines. A new dead-line of June 30, 2008 was set for discovery. Plaintiff then filed an

assented to motion for an extension of time for discovery through August 30, 2008, which was granted. On August 19, 2008, Plaintiff filed the present motion, which seeks to extend the closing date for discovery and for filing amended complaints to September 30, 2008.

On October 4, 2007, Amtrak propounded interrogatories and a request for production on Plaintiff. Plaintiff provided answers to interrogatories on January 3, 2008. A second request for production of documents was served on Plaintiff on February 19, 2008. On October 26, 2007, Plaintiff propounded interrogatories to Amtrak, which were answered on January 3, 2008. Amtrak supplemented those answers on February 20, 2008 and March 27, 2008.

On December 10, 2007, Plaintiff's deposition was conducted. On March 28, 2008, the deposition of Edward Brian Radovich, the train's conductor, was conducted by Plaintiff. The deposition of Plaintiff's treating physician and expert Yul D. Ejnes, M.D. was conducted on July 30, 2008.

On June 27, 2007, Plaintiff filed this action against Amtrak seeking to recover damages arising out of the alleged fall aboard an Amtrak Acela in Providence Station. In her complaint, she asserted claims of respondeat superior, intentional tort, negligence and breach of contract. Plaintiff claimed that she was first injured when she tripped while walking through a car on the Acela train that she had boarded moments earlier. In the complaint, she further alleged that an Amtrak employee negligently lifted and moved her to the platform after her fall, causing her to suffer a herniated disc, rotator cuff tear, injured knee and aggravation of her broken foot. Amtrak answered denying liability for Plaintiff's claim.

On February 5, 2008, Amtrak filed a motion for summary judgment based on 1) judicial estoppel for Plaintiff's failure to list her claim against Amtrak on her bankruptcy petition and 2) her inability to establish an element of each of her claims primarily because no evidence had

been produced indicating that Amtrak knew or should have known of whatever condition allegedly caused her fall. Plaintiff was granted a 60-day extension of time for filing a response to the motion. She also filed a motion seeking to have the arguments bifurcated so that the judicial estoppel argument would be ruled on first. The motion was granted. A hearing on the Motion for Summary Judgment was initially scheduled for May 12, 2008. That motion was rescheduled several times and is presently scheduled for September 12, 2008.

On June 22, 2008, the Bankruptcy Trustee filed a motion to substitute himself for Plaintiff in the matter. Defendant objected to this motion. A hearing was held on August 15, 2008 and the parties are awaiting a decision.

## ARGUMENT

Defendant will be prejudiced by further continuances in this matter. Discovery is scheduled to close on August 30, 2008. The only outstanding discovery matter is an Independent Medical Examination of Plaintiff to be performed by Amtrak's expert Dr. Barr per court order in September, 2008. The examination was initially scheduled for July 25, 2008. However, Plaintiff filed a motion seeking to continue the examination based on a scheduling conflict. The Court granted that motion. See Court Order dated July 24, 2008 (attached hereto as Exhibit B).

Plaintiff presumably seeks the continuance in order to depose Officer D.M. Gibson. However, Officer Gibson has no information relevant to Plaintiff's claim or that is reasonably calculated to lead to the discovery of admissible evidence. As stated above, no Amtrak employees were present in the car at the time of the incident or witnessed the incident. Ex. A at 82. Plaintiff seeks to depose Officer Gibson to support her claim that her injuries were exacerbated while her foot was dangling outside the train while on the platform. However, Plaintiff has no expert witness to connect her injuries to any events after her fall. Plaintiffs'

treating Orthopedic Surgeon, Christopher W. DiGiovanni, told her that the dangling of the foot outside the train while on the platform did not make her injuries worse and that the injuries were entirely the result of the initial injury. See Copy of Report of Dr. DiGiovanni dated April 24, 2008 (attached hereto as Exhibit C), p. 2. In addition, Yul D. Enjes, M.D., a general internist who treats Plaintiff for fibromyalgia, deferred to Dr. DiGiovanni on this issue. See Copy of Transcript of Dr. Egles' Deposition (attached hereto as Exhibit D), p. 55. Any information Officer Gibson could provide is not relevant to Plaintiff's claim, nor could such information lead to the discovery of admissible evidence.

Plaintiff would not be prejudiced if the motion is not granted. She has already received an extension of the discovery deadline. All relevant discovery or discovery that is reasonably calculated to lead to the discovery of admissible evidence has already been completed by Plaintiff in this matter. Plaintiff herself testified that there were no Amtrak employees on the subject car at the time of the accident. Notwithstanding that fact, the deposition of Amtrak Conductor Edward Brian Radovich was taken on March 28, 2008. Plaintiff had ample time to depose Officer Gibson while discovery was open and has not given any reason for her failure to do so. Officer Gibson's identity is not a new piece of information recently uncovered in the case. Plaintiff's reasons for needing an extension set out in the motion are basically that she would like to be able to file further discovery and amended complaints if she remains in the case. This is not a sufficient reason for another extension of these deadlines.

Defendant would be prejudiced by another extension. Defendant has spent an enormous amount of money and time engaging in discovery and, more specifically, discovery related to the "real party in interest" issue. These expenses were only increased after Plaintiff filed false affidavits in order to defeat Amtrak's summary judgment. Extending the deadline would further

increase the unnecessary expenses in this matter.

## CONCLUSION

It would not be an abuse of discretion for the Court to deny Plaintiff's motion based on the above facts. United States v. Sayer, 450 F.3d 82 (Fed. 1st Cir. 2006) (citing In re Public Offering PLE Antitrust Litig., 427 F.3d 49, 52 (1st Cir.2005)). For the above reasons, Amtrak requests that Plaintiff's Motion to Extend Discovery be denied.

DEFENDANT,
NATIONAL RAILROAD PASSENGER
CORPORATION,

/s/ Paul E. Dwyer, Jr.

Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21st, 2008 a copy of the foregoing Memorandum in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

Steven J. Boyajian, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
(401) 273-9600

Andrew S. Richardson, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
(401) 273-9600
(401) 273-9605 (fax)

/s/ Paul E. Dwyer, Jr.