DEFENDANT'S EXHIBIT D

Volume I
Pages 1 to 62
Exhibits 1 to 13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH A. REIS, Plaintiff, vs. NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | Civil Action No. 07-236S |

DEPOSITION OF YUL DAVID EJNES, M.D., a witness called on behalf of the Defendant, taken pursuant to the Federal Rules of Civil Procedure, before Nancy M. Kingsbury, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Offices of Coastal Medical, 75 Sockanosset Cross Road, Cranston, Rhode Island, on Wednesday, July 30, 2008, commencing at 1:04 p.m.

PRESENT:

Flaherty, Butterfield & Costello
(by Frederick A. Costello, Esq.)
33 College Hill Road, Suite 20D, Warwick, RI 02886, for the Plaintiff.

Edwards Angell Palmer & Dodge, LLP
(by Paul E. Dwyer, Esq.)
2800 Financial Plaza, Providence, RI 02903-2499, for the Defendant.

* * * * *

P R O C E E D I N G S

(Documents marked as Ejnes
Exhibits 1 to 10 for identification)

YUL DAVID EJNES, M.D.

a witness called for examination by counsel for the Defendant, being first duly sworn by Virginia Harrington, a Rhode Island Notary Public, was examined and testified as follows:

DIRECT EXAMINATION

BY MR. DWYER:

Q. Doctor, my name is Paul Dwyer. I represent Amtrak in a case brought by Elizabeth Reis, a patient of yours. You have been identified as an expert witness and treating physician of Ms. Reis, and for that reason I am here to take your deposition today.

At the outset of the deposition, if you could examine what's been marked as Exhibits 1 through 10 of your deposition and confirm that these are true and accurate copies of portions of your medical records that were provided by Plaintiff's counsel or received through subpoena.

MR. COSTELLO: Do you have a copy or just let me know what they are?

was" -- "I told her that that was not the case and that basically what she has now and what happened to her were effectively entirely the result of the initiating injury itself, and that dangling the foot for a while post injury really has no significant affect on anything that she experienced at a later point then or now."

Do you agree with the statement that I just read to you from Dr. DiGiovanni?

MR. COSTELLO: Objection.

Q. That's underlined.

A. It's my not my area of expertise. I trust Dr. DiGiovanni as my prime person for issues of the foot and leg, so to that extent I would agree. But in terms of my expertise in knowing and in terms of the mechanics of what happened to her, whether it was a factor or not, I would defer to Dr. DiGiovanni.

Q. Let me go through my notes, Doctor.

A. Okay.

(Pause)

*Q. Just so we are clear, what injuries or conditions and symptoms, in your opinion to a reasonable degree of medical certainty, are causally