UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ELIZABETH A. REIS**

**VS**

**NATIONAL PASSENGER RAILROAD CORPORATION**
**a/k/a NATIONAL RAILROAD PASSENGER CORPORATION**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO FILE A FIRST AMENDED COMPLAINT**

Now comes the Plaintiff in the above captioned matter and files the following Memorandum in Support of her Motion to File a First Amended Complaint.

**FACTS AND TRAVEL**

This case emanates from a slip and fall by Plaintiff on Defendant's Amtrak Acela train, which was stopped to pick up passengers in the Providence train station on the morning of June 23, 2004. At the time Plaintiff filed suit she was not exactly sure how she fell. At the time of filing suit, June, 2007, Ms. Reis did not have access to any incident report or other information that would have confirmed her beliefs as to how she fell. In a previous statement given in July of 2004, Plaintiff told Amtrak's agents that she either tripped over luggage or her heel may have caught on the floor causing her to fall. See Statement given to Seth Starr in July 2004, Plaintiff's Exhibit 1.

However, after filing suit Plaintiff was provided with information from Defendant in an incident report indicating that witnesses interviewed by Amtrak investigators stated that Ms. Reis tripped over the bag of an Amtrak passenger. See Incident Report of Amtrak dated June 23, 2004, Plaintiff's Exhibit 2.

During the course of the litigation a deposition was taken of Edward B. Radovich, the conductor who completed the incident report and who was the individual supervising the stop made by the Amtrak Acela train that morning. In Mr. Radovich's deposition he admits that there were no Amtrak employees inside the Amtrak car in which Ms. Reis fell and thus no supervision of passengers boarding and debarking from the train to ensure that bags and other belongings of passengers were not placed in the aisles obstructing passage through said cars. See deposition of Mr. Radovich, pages 29, 30, 31, 32, 34, and 35.

**ARGUMENT**

The law is clear in this area. Federal Rule of Civil Procedure Rule 15a(2) states that Motions to Amend are to be freely granted and, in fact, amendments are allowed even during and after trial; especially, when the objecting party fails to satisfy the Court that the evidence would prejudice that party's defense on the merits.

In this particular case, Defendant has anticipated the claim of negligence of failure to supervise and monitor in that it has already addressed the issue in one of its Motions for Summary Judgment claiming that the Defendant did not have notice of a defective condition or situation prior to Ms. Reis' fall. See Defendant's Motion for Summary Judgment, Court document no. 10, page 7, 8 and 9.

Plaintiff is only conforming her Complaint to the evidence that will be presented at trial and certainly Defendant is not prejudiced in any way by surprise or other issue in this case.

The local case law is also supportive. See Medeiros v Cornwall, 911 A.2d 251 (2006), Kenney v Providence Gas Company, 118 R.I. 134 (1977), Kent v Gadbout, 416

A.2d 669 (RI 1980). All of which provide liberal consideration of Motions to amend pleadings, some even after trial.

Since Defendant has already anticipated Plaintiff's amended claim and filed a dispositive Motion there can be no claim of surprise or prejudice due to this Motion to Amend.

For these reasons, Plaintiff respectfully requests that her Motion to File a First Amended Complaint be granted.

Plaintiff,
By her attorney,

/s/ Frederick A. Costello
Frederick A. Costello #2205
FLAHERTY, BUTTERFIELD & COSTELLO
33 College Hill Road Suite 20D
Warwick, RI 02886
Tel. 401-822-1800 x 6, Fax. 401-822-1879

**CERTIFICATION**

I hereby certify that on the _______ day of __________, 2008 I electronically sent a true copy of within to: Paul Dwyer, Esquire and Andrew Richardson, Esquire.

/s/ Frederick A. Costello