UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ELIZABETH REIS**

**VS C.A. NO. 07-236S**

**NATIONAL PASSENGER RAILROAD CORPORATION, a/k/a NATIONAL RAILROAD PASSENGER CORPORATION**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## PARTIES

1. Elizabeth Reis is a resident of the City of Cranston, County of Providence and State of Rhode Island.

2. National Passenger Railroad Corporation/Amtrak, a/k/a National Railroad Passenger Corporation (Amtrak) is authorized to do business in the State of Rhode Island.

## FACTUAL ALLEGATIONS

3. That on or about the 23rd day of June, 2004 Plaintiff was a business invitee of Defendant Amtrak having purchased a ticket to take the Amtrak "Acela" train from Providence to New York City.

4. That while Plaintiff was waiting for the train to depart the Providence Station Defendant failed to provide any supervision of passengers entering or leaving the train nor did it take any course of action to ensure that passengers boarding or departing from the train kept their luggage out of the aisle or otherwise ensure that the train was safe for boarding and departure.

5. That as a result of Defendant's failure to supervise, a dangerous condition was allowed to exist in that passengers baggage was left in the aisles where other passengers were required to pass when boarding and exiting the train.

6. That Defendant failed to warn its passengers, including Plaintiff, of the dangerous condition existing on the train as they proceeded to their assigned seating.

7. That as a result of Defendant's negligent failure to properly monitor and control the boarding and departure of passengers and ensuring that the passengers did

not leave luggage and other baggage in the aisles Plaintiff was caused to trip and fall over a passenger's luggage into the vestibule area of one of the Acela passenger cars.

8. That Defendant's own policies and procedures required that luggage and other carry on objects belonging to passengers were not to be stored in aisles or in any way in which they may pose a danger to other passengers or otherwise create a dangerous condition.

9. That when Plaintiff fell, she injured her foot, shoulder, neck and knee and was otherwise injured and damnified as a result of the negligence of Defendant, its agents and employees.

10. That while lying prostrate on the train carriage floor Plaintiff was ordered off the train by agents and employees of Amtrak.

11. That since Plaintiff was in obvious pain and unable to move at this point, the employees/agents of Amtrak roughly grabbed her and pulled her from her position where she was lying on the floor and literally dragged her off the train aggravating her already serious injuries.

12. That as a result of the negligence of the agents and employees of Amtrak Plaintiff's injuries were significantly enhanced and aggravated.

13. That by pulling on Plaintiff's shoulders, her rotator cuff was torn and her neck was further injured causing a herniated disc area in her neck.

14. That to extricate Plaintiff from the train the agents and employees of Amtrak literally lifted her off the ground by her injured arm and shoulder, dragged her to the train platform by her arms and held her in a standing position for over ten minutes before a rescue squad arrived to take her to the hospital.

15. That as a result of the negligence and intentional actions of the employees/agents of Amtrak, Plaintiff suffered significant injuries to her body and nervous system and was caused to miss long periods of time from work and endured tremendous pain and suffering.

16. That as a result of the negligence of the Defendant, Plaintiff was otherwise injured and damnified.

## COUNT I

## NEGLIGENT SUPERVISION AND FAILURE TO WARN

17. That Plaintiff realleges the allegations contained in paragraphs 1 through 16 of her Complaint as if fully set forth herein.

18. That on or about June 23, 2004 Defendant failed to properly monitor and supervise the boarding and departing of passengers in the Providence Terminal of the Amtrak Acela train station.

19. That as a result of the negligent supervision and enforcement of its own policies and procedures, a dangerous condition was created whereby a bag or bags were left in an aisle and Plaintiff was caused to trip over said bag or bags resulting in serious injury to her body and nervous system.

20. That at no time pertinent to the occasion of Plaintiff's injury was she warned by Defendant of a dangerous condition on the Acela train.

21. That as a result of the direct and proximate cause of the negligence of the Defendant described in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of Plaintiff's Complaint sustained serious personal injuries resulting in medical expenses, loss of employment, pain and suffering, permanent injury and loss of enjoyment of life.

22. That at all times pertinent hereto, the person or persons whose negligence caused Plaintiff's injuries, as described above, were employed by Defendant Amtrak.

23. That Defendant's employees were acting within the scope of their employment under Defendant's control in the furtherance of its interest at the time their negligence caused Plaintiff's injuries as described previously.

WHEREFORE, Plaintiff prays judgment against Defendant for an amount in excess of that necessary to give jurisdiction to this Honorable Court.

Plaintiff,
By her attorney,

/s/ Frederick A. Costello
Frederick A. Costello, #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Telephone: 401-822-1800 x 6
Facsimile: 401-822-1879

Dated: August 27, 2008
Plaintiff demands trial by jury. Frederick A. Costello designated trial counsel.

**COUNT II**

**INTENTIONAL TORT**

24. Plaintiff realleges the allegations contained in paragraphs 1 through 23 of her Complaint as if fully set forth herein.

25. That on or about June 23, 2004 Plaintiff was a victim of tortuous conduct perpetrated by certain unknown individuals who were at the time employees of Defendant Amtrak and this tortuous conduct consisted of intentionally lifting and pulling Plaintiff from the floor of an Amtrak train when she was seriously injured having sustained broken bones in her foot, injuries to her neck, knee and shoulder.

26. That on or about June 24, 2004 and at all times pertinent to this action those unnamed tortfeasors who committed the tortuous acts that injured Plaintiff described in the previous paragraph were employed by Defendant Amtrak in the capacity of conductors, security personnel and other such job positions

27. That as a result of the tortuous conduct perpetrated by Defendant's employees described previously Plaintiff suffered damages and losses consisting of a herniated disc, rotator cuff tear, injured knee and aggravation of broken bones in her right foot.

28. That at the time the tortuous conduct that injured Plaintiff was committed by Defendant's employees and such employees were acting within the scope of their employment and their tortuous conduct was therefore imputable to the Defendant under the doctrine of respondeat superior and/or at the time of the tortuous conduct of Defendant's employees that injured Plaintiff, said employees were acting within the scope of their apparent authority such that Plaintiff was justified in relying on the appearance of that authority. Such tortuous conduct was therefore imputable to the Defendant under the doctrine of respondeat superior.

29. That the tortuous conduct that was committed by Defendant's employees and which injured Plaintiff as previously described was authorized or approved in advance by Defendant Amtrak and thus imputable to the Defendant.

30. That the conduct previously described was ratified by Defendant and thus imputable to Defendant under the doctrine of respondeat superior.

31. That the tortuous conduct committed by Defendant's employees was egregious and oppressive and characterized by malice or wantonness justifying the imposition of punitive damages therefore.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount in excess of that necessary to give jurisdiction to this Honorable Court and that punitive damages be assessed against Defendant in order to coerce Defendant into exercising

greater supervision of the conduct of its employees in the future and to deter acquiescence or approval of similar tortuous conduct in the future.

Plaintiff,
By her attorney,

/s/ Frederick A. Costello
Frederick A. Costello, #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, Rhode Island 02886
Telephone: 401-822-1800 x 6
Facsimile: 401-822-1879

Dated: August 27, 2008

Plaintiff demands trial by jury. Frederick A. Costello designated trial counsel.

## COUNT III
## NEGLIGENCE

32. Plaintiff realleges the allegations contained in paragraphs 1 through 31 of her Complaint as if fully set forth herein.

33. That the actions of the employees/agents of Amtrak were negligent and the negligence of said employees/agents was the proximate cause of the aggravation of the existing injuries to Plaintiff and the cause of new injuries to Plaintiff.

34. That at all times relevant hereto, Plaintiff was in the exercise of due care.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of that necessary to give jurisdiction to this Honorable Court.

Plaintiff,
By her attorney,

/s/ Frederick A. Costello
Frederick A. Costello, #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, RI 02886
Telephone: 401.822.1800 x 6
Facsimile 401.822.1879

Plaintiff demands trial by jury. Frederick A. Costello designated trial counsel.

Dated: August 27, 2008

**COUNT III**
**BREACH OF CONTRACT**

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34 of her Complaint as if fully set forth herein.

36. That Plaintiff paid good and adequate consideration for a ticket on the Amtrak Acela train to gain safe and comfortable passage from the City of Providence to the City of New York on June 23, 2004.

37. That by paying this consideration Plaintiff entered into a contractual relationship with Amtrak in which Amtrak agreed to provide safe travel from Providence to New York.

38. That Amtrak breached its contract with Plaintiff by failing to properly supervise and train its employees to care for individuals who may have been injured while on its train and failed to provide a safe and supervised car in which to deal with passengers while boarding.

39. That as a result of the breach of contract on the part of Amtrak Plaintiff was injured and damnified.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of that necessary to give jurisdiction to this Honorable Court.

Plaintiff,
By her attorney,

/s/ Frederick A. Costello
Frederick A. Costello, #2205
**FLAHERTY, BUTTERFIELD & COSTELLO**
33 College Hill Road Suite 20D
Warwick, RI 02886
Telephone No. 401.822.1800 x 6
Facsimile 401.822.1879

Dated: August 27, 2008

Plaintiff demands trial by jury. Frederick A. Costello designated trial counsel.

**CERTIFICATION**

I hereby certify that on the _______ day of __________, 2008 I electronically sent a true copy of within to: Paul Dwyer, Esquire and Andrew Richardson, Esquire.

/s/ Frederick A. Costello