UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS, Plaintiff, | : | |
| v. | : | CA 07-236 S |
| NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION, Defendant. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant National Passenger Railroad Corporation's Motion for Summary Judgment (Document ("Doc.") #10) ("Motion for Summary Judgment" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. For the reasons stated herein, I recommend that the Motion be granted.

**Facts**

The facts are fully stated in this Magistrate Judge's Report and Recommendation for Referral to United States Attorney (Doc. #72) ("Recommendation for Referral") and need not be repeated here in detail. In brief, Plaintiff Elizabeth A. Reis ("Reis" or "Plaintiff") seeks damages for injuries sustained after she fell on June 23, 2004, aboard an Amtrak Acela train which had stopped in Providence, Rhode Island. On April 18, 2005, she filed a voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Rhode Island. In her bankruptcy filing, Reis did not disclose her potential claim against Amtrak, but indicated only that she had injured her foot

at work[1] in June of 2004 and that she was collecting workers' compensation.

Reis filed this action on or about June 1, 2007, in the state superior court. On June 27, 2007, Defendant National Passenger Railroad Corporation ("Amtrak" or "Defendant") removed the case to this Court. See Notice of Removal (Doc. #1). Defendant filed the instant Motion on February 5, 2008, and Reis filed her objection to the Motion on April 22, 2008.

**Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v.

[1] In a recorded statement given to an Amtrak representative on July 2, 2004, Reis stated that at the time she fell she was on her way to a trade show for her employer, the Providence/Warwick Convention and Visitors Bureau.

Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." Coyne v. Taber Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

The non-moving party, however, may not merely rest upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

**Discussion**

Amtrak seeks summary judgment because, among other grounds, Reis failed to disclose her claim against Amtrak in her bankruptcy proceeding and that, therefore, she is judicially estopped from asserting the cause of action in this forum. See

Memorandum of Law in Support of Defendant National Passenger Railroad Corporation's Motion for Summary Judgment ("Defendant's Summary Judgment Mem.") at 2-7. The law is clear that in such circumstances Reis may not prosecute this action. Payless Wholesale Distribs., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993)(holding that debtor, "having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis"). Accordingly, Amtrak's Motion should be granted, and I so recommend.

## Conclusion

For the foregoing reasons, I recommend that Amtrak's Motion for Summary Judgment be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[2] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 5, 2008

[2] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).