UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH A. REIS,<br>Plaintiff,<br><br>vs.<br><br>NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,<br>Defendant. | : | Civil Action No. 07-236S |

**MEMORANDUM OF LAW OF THE DEFENDANT, NATIONAL PASSENGER RAILROAD CORPORATION, IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now comes the Defendant, National Passenger Railroad Corporation a/k/a National Railroad Passenger Corporation (hereinafter "Amtrak" or "Defendant") and hereby submits this Memorandum of Law in support of Defendant's Objection to Plaintiff's Motion to Amend Complaint. As is established below, Plaintiff must be precluded from amending her Complaint at this late stage.

In this matter, Defendant's Motion for Summary Judgment has been pending since February 5, 2008. The deposition of Edward Radovich, Amtrak's conductor of the train, was taken on March 28, 2008. Now, seven months after Defendant filed its Motion for Summary Judgment and over six months after the deposition of Mr. Radovich, Plaintiff is seeking leave of this Court to amend, and significantly change, the allegations set forth in the Complaint. Additionally, Plaintiff filed her Motion to Amend on August 28, 2008, only two days before the previously extended discovery deadline was set to expire. Clearly, Plaintiff's Motion to Amend is an attempt to defeat Defendant's Motion for Summary Judgment and will have the inevitable

impact of imposing further delays in this litigation, which, as the Court knows, has already been delayed for a multitude of reasons. As she admits, Plaintiff initially told an Amtrak representative that she did not know what caused her fall. She maintained this position even to her counsel, Michael Farley, as late as a year after the accident. See Exhibit A (Phone note confirming Plaintiff did not remember the cause of her fall as of June 13, 2005). Recognizing that such admissions are fatal to her case, she now seeks to change the allegations in her Complaint to provide a remedy. Such a change is impermissible, however, at this stage of the proceedings. See Kulzer v. Pittsburgh-Corning, Corp., 942 F.2d 122 (2nd Cir. 1991) (denying a plaintiff's efforts to change the essential factual allegations of a complaint through an amendment three years after the complaint was filed).

Although leave to amend is to be "freely given" pursuant to Fed.R.Civ.P. 15(a) in many circumstances, leave to amend must also be denied when the amendments are futile, Northeast Fed. Credit Union v. Neves, 837 F.2d 531, 536 (1st Cir.1988), or will reward, inter alia, undue or intended delay. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). When a Rule 15 motion is not filed until after a party moves for summary judgment, the party requesting leave to amend must demonstrate to the court that the proposed amendments are supported by "substantial and convincing evidence." Torres-Matos v. St. Lawrence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir.1990) (citations omitted).

Here, there is no question that Plaintiff has been aware of the alleged facts upon which she now relies since at least March 28, 2008 when Mr. Radovich's deposition was taken. Yet, despite this awareness, Plaintiff has waited over six months to file this Motion. Plaintiff's conduct is tantamount to undue delay and, thus, should lead to denial of this Motion pursuant to Rule 15 and the case law cited above. Moreover, Plaintiff has failed to support her Motion with

"substantial and convincing evidence" as is required by the case law. Rather, Plaintiff has simply submitted snippets of the deposition of Mr. Radovich's deposition transcript, which has been in Plaintiff's possession for several months. In no way is this testimony the equivalent of "substantial and convincing evidence" but presents only the facts upon which Plaintiff bases the new allegations.

Finally, the proposed amendments to Plaintiff's Complaint are futile. To establish that a common carrier acted unreasonably, and thus prove negligence, a plaintiff must provide evidence of actual or constructive notice of the dangerous or defective condition present for a reasonable time within which to correct or warn about its existence. Ponton v. United Electric Rys. Co., 61 R.I. 203, 200 A. 425, 427 (1938); Bines, 50 R.I. at 438, 148 A.2d at 417-418; see also Oliveri v. Mass. Bay Transp. Auth., 292 N.E.2d 863 (Mass. 1973); Williams v. Queen City Coach Co., 44 S.E.2d 883, 886 (N.C. 1947); Greer v. Public Service Coordinated Transport, 12 A.2d 844 (N.J.Err. & App. 1940); Burns, 82 A. at 248; Adams v. Louisville & N. R. Co., 121 S.W. 419 (Ky.App. 1909); Lewis v. Metropolitan Transportation Authority, 472 N.Y.S.2d 368 (N.Y.A.D. 1 Dept., 1984). Plaintiff will also need to make this showing with respect to the negligent supervision and/or duty to warn claim. Here, Plaintiff cannot make such a showing and has submitted no evidence of Amtrak having actual or constructive notice of the alleged condition. As a result, the proposed amendment is futile.

Consequently, as Plaintiff has failed to meet her burden with respect to the Motion to Amend and because the proposed amendments are futile, Defendant requests that the Motion be denied.

NATIONAL PASSENGER RAILROAD CORPORATION, A/K/A NATIONAL RAILROAD PASSENGER CORPORATION,

By Its Attorneys,

/s/ Paul E. Dwyer, Jr.
Paul E. Dwyer, Jr. (#3956)
Andrew J. Murray (#5071)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903-2499
(401) 274-9200 (tel.)
(401) 276-6611 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 5, 2008 a copy of the foregoing Memorandum of Law in the above-captioned case has been served by ECF to the following attorney(s).

Frederick A. Costello, Esquire
Flaherty, Butterfield & Costello
33 College Hill Road, Suite 20D
Warwick, RI 02886

Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915
P-(401) 437-0660
F-(401) 433-1605

Steven J. Boyajian, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
(401) 273-9600
(401) 273-9605 (fax)

Andrew S. Richardson, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, Rhode Island 02906
(401) 273-9600

/s/ Paul E. Dwyer, Jr.